JULIUS SHAPIRO *vs.* UNION STREET RAILWAY COMPANY.

BENJAMIN MECHABER *vs.* SAME.

HERBERT STERN *vs.* SAME.

JOSEPH COHEN *vs.* SAME.

Bristol.   October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil*, Actions tried together, Exceptions.   *Negligence*, Street railway, Motor vehicle, Of guest.

Where four separate actions, respectively by the driver of and guests in an automobile against a street railway company for personal injuries resulting from a collision between a car of the defendant and the automobile, are tried together and after a verdict for the several plaintiffs the defendant alleges exceptions, every fact material to the common alleged right of the plaintiffs or to the defence of the defendant thereto, raised by exceptions and prosecuted, should be contained in one bill of exceptions: it is improper for the defendant to prosecute two bills of exceptions, one relating to one case only and founded on the refusal of the judge to allow a motion that a verdict be ordered for the defendant, and the other relating to the rights of all the plaintiffs to retain their several verdicts.

Where, in the circumstances above described, the defendant files two bills of exceptions, the facts which form the basis for determination of the exceptions in this court may be ascertained by resort to both bills.

The evidence, at the trial of an action by a guest in an automobile against a street railway company for injuries received when the automobile was struck by a street car of the defendant, tended to show that the automobile, in which the plaintiff was riding, began to cross from the right hand to the left hand side of a street on which the street car ran when the street car, as seen by the plaintiff, was two hundred and sixty-two feet in front of the automobile and was approaching "very fast;" that the automobile crossed the street, attempting to turn around and go in the opposite direction, but failed to make the turn owing to the nearness of the curb; that it stopped with its right hand forward wheel against the curb and its left hand rear wheel on the track of the defendant, and that the street car, " coming very fast," collided with the automobile.   *Held*, that the questions of the negligence of the defendant and of the due care of the plaintiff were for the jury.

In the automobile, in which the plaintiff in the action above described was a guest, were two other guests and the driver, and each of the four brought an action against the defendant for personal injuries.   In each action the defendant asked for an instruction that, " If the four plaintiffs were riding in a Ford Roadster and their presence limited the driver of the automobile in his exercise of control over the automobile and his lack of control or

limited operation in any way contributed to the accident, then the plain-
tiffs cannot recover and your verdict should be for the defendant." The
instruction was not given in form or in substance. *Held,* that in form or
substance the instruction should have been given.

FOUR ACTIONS OF TORT, respectively by the driver of an
automobile (Cohen) and by each of his three guests (Shapiro,
Mechaber and Stern), for personal injuries received when
the automobile was run into by a street car of the defendant
on Purchase Street in New Bedford. Cohen also claimed
property damage. The writs of the plaintiffs other than
the plaintiff Mechaber were dated October 5, 1920. The
Mechaber writ was dated October 11, 1920.

In the Superior Court, the actions were tried together
before *N. P. Brown,* J. Material evidence and exceptions
saved by the defendant are described in the opinion. Ver-
dicts were returned for the plaintiffs as follows: for Shapiro
in the sum of $375, for Mechaber in the sum of $700, for
Stern in the sum of $250, and for Cohen in the sum of $35.
The defendant alleged exceptions as described in the opinion.

*T. F. O'Brien,* for the defendant.

*H. A. Lider,* for the plaintiffs Shapiro, Stern and Cohen.

*S. Barnet,* for the plaintiff Mechaber.

PIERCE, J. These are four separate actions of tort tried
together before a jury. The declaration in each of the cases
is in two counts: in the Mechaber case one for "willful
wanton and reckless conduct" and the other for ordinary
negligence; in the Shapiro, Stern and Cohen cases one for
"gross, reckless and wanton negligence" and the other for
ordinary negligence. The answer in each case is a general
denial and the further allegation of contributory negligence.
A verdict was rendered for the plaintiff in each case.

At the close of all the evidence, the defendant in the
Shapiro case alone filed a motion, "that verdict in the above
entitled action be directed for the defendant." The court
disallowed the motion and the defendant prosecutes his
exceptions to the disallowance of his motion in a bill of ex-
ceptions, which is independent of the exceptions saved and
prosecuted to this court affecting the right of all the plain-
tiffs to retain their several verdicts. This procedure creates

unnecessary difficulties in the consideration of the issues raised by the exceptions, and is not commended.

Where several actions relating to the same subject matter are, for convenience, tried together, every fact material to the common alleged right of the plaintiffs or to the defence of the defendant thereto, raised by exceptions and prosecuted, should be contained in one bill of exceptions.

· Neither of the defendant's bills of exceptions states that it contains all the material evidence; and it is not certain that both bills of exceptions contain such evidence. The facts ascertained by resort to both bills of exceptions, see *McKinley* v. *Warren*, 218 Mass. 310, 312, are that the defendant operates a street railway on Purchase Street in the city of New Bedford; that Purchase Street runs north and south; that there are two tracks on Purchase Street, the east track for cars running in a northerly direction and the west track for cars running in a southerly direction; that Franklin Street runs westerly from Purchase Street about three quarters of a mile north of the centre of the city; that there is no street running into Purchase Street from the east for a distance of an eighth of a mile from Franklin Street; that on June 6, 1921, about eleven o'clock at night, the plaintiff Cohen invited the plaintiff Shapiro and the other plaintiffs to ride with him to their homes in the northwest section of the city; that he had a one-seated Ford roadster automobile; that the width of the seat of the Ford roadster is three feet two inches, and the distance between the cushion and the wind shield is eighteen inches; that the door is eighteen inches wide; that the plaintiffs accepted the invitation, entered the car, and sat down, — the driver (Cohen) behind the wheel, next to him the plaintiff Stern, next to Stern the plaintiff Shapiro, and next to Shapiro, partly on him and partly on the door, the plaintiff Mechaber; Shapiro had his left arm partially around Stern; that the automobile then proceeded northerly on Purchase Street to a point opposite the fire station situated on the easterly side of Purchase Street opposite Franklin Street; that the driver of the automobile drove up on the brow of the fire station, intending to turn completely around on Purchase Street; that he was

unable to make the complete turn and stopped with his right hand forward wheel against the west curb of Purchase Street about one foot north of Franklin Street; that the left rear end of the automobile was on the southbound track of the defendant company; that an electric car of the defendant came in collision with the automobile " almost immediately " after the automobile stopped on the west side of the street; that Shapiro saw the electric car coming in a southerly direction when it was north of Merrimac Street, which runs westerly from Purchase Street and is two hundred and sixty-two feet north of Franklin Street; that the automobile was just about making its turn; that Shapiro next saw the electric car between Merrimac Street and Franklin Street, the automobile then being on the west side of Purchase Street.   On cross-examination Shapiro also testified that he saw the electric car, the second time, when the automobile in which he was riding was in the east track on Purchase Street; that the car was " coming very fast " and was " about fifteen feet away; " that " the automobile passed in front of the electric car, stopped at the curb and that the collision occurred immediately."   The evidence warranted a finding that Shapiro told the driver of the automobile that he thought " the car was coming pretty fast."

The motion to direct a verdict for the defendant in the case of Shapiro was rightly overruled.   The evidence in its most favorable aspect to the claim of the plaintiff would warrant a finding that the electric car was driven by the defendant " pretty fast " over a distance of two hundred and sixty-two feet and until it came in collision with the rear wheel of the automobile, which was upon the track over which the electric car had to pass; and that the driver of the electric car could have seen that the automobile was crossing or was about to cross the tracks, in season to avoid the collision.   The jury also would have been warranted in finding, without resort to the statute, that the plaintiff Shapiro was in the exercise of due care.   The exceptions to the refusal to direct a verdict are overruled.

To the case of all the plaintiffs the defendant seasonably requested the court to give the following instructions to the

jury: " If the four plaintiffs were riding in a Ford Roadster and their presence limited the driver of the automobile in his exercise of control over the automobile and his lack of control or limited operation in any way contributed to the accident, then the plaintiffs cannot recover and your verdict should be for the defendant." This request was not given in form or substance. We take the request to mean that the plaintiffs cannot recover if their voluntary presence upon the seat with the driver prevented the driver's proper control of the automobile and such want of control was a failure of due care which contributed to the injury. In such a situation the acts or omissions of the driver are the resultant consequence of the combined negligent acts of the passengers and driver. The request in form or substance should have been given.

It follows that in all the cases the defendant's exceptions to the refusal to give the specific instructions must be sustained; and that the exception to the refusal to order a directed verdict in the case of Shapiro must be overruled.

*So ordered.*