Matthias, J.
 

 There was no eyewitness to the collision which caused the death of plaintiff’s decedent. A crash was heard, and immediately thereafter the plaintiff’s decedent was found beside his overthrown motorcycle 10 or 15 feet ahead or northwardly from the defendant’s automobile, dead, or so badly injured that he died within a few minutes. There is therefore no direct evidence as to the speed of decedent’s motorcycle, the range of the headlight, or the manner in which the accident occurred; but it is conceded that the injury resulted from the collision of decedent’s motorcycle with the automobile of the defendant parked near the curb. There is a direct and decisive conflict in the evidence upon the question as to whether the rear light of the defendant’s automobile was on at the time of the collision. There is no dispute as to the headlight of the dece
 
 *312
 
 dent’s motorcycle, for, following the collision, it was still on.
 

 It is urged that the trial court committed error in several respects in the instructions given to the jury. We shall first consider that having reference to the duty of plaintiff’s decedent. In its .general charge the court instructed the jury as follows:
 

 “I say to you further that it was the duty of the decedent driving his motorcycle on the public highway on this night to keep it under such control that the car could be stopped within the range of the light produced from the light thereon, and it was the duty of the plaintiff’s decedent to operate his car at such rate of speed that if there was an obstruction in the road or street that he could stop within the distance that the obstruction could be seen from the light on his machine.”
 

 This instruction makes it negligence
 
 per se
 
 to so drive a motor vehicle as to be unable to stop within the range of the driver’s headlights upon discovering an obstruction in the highway. If such rule be invariably applied, the driver would be liable in every instance for injuries resulting from a collision at night, in the absence of contributory negligence of the other party. On the other hand, under the law as thus announced, it is difficult to conceive of any situation in which the driver of a motor vehicle would ever be entitled to recover for injuries resulting to him from a collision with any obstruction, however negligently placed or maintained in the highway. The question presented has not heretofore been decided by this court, but decisions of courts of other states have been cited which sustain the correctness of the instruction here challenged.
 

 
 *313
 
 In onr opinion, however, the better reasoning supports the view that conduct of a driver of a motor vehicle which is not shown to have been in violation of law or ordinance should not be declared to be negligence
 
 per se,
 
 but that each such case must be considered in the light of its facts and circumstances, and the usual tests applied to determine whether there was a failure to exercise ordinary care in the operation of such motor vehicle. The question presented is one of fact, and should be determined by the jury under proper instructions. The decisions supporting this rule seem to us the better reasoned cases and in harmony with the principles generally recognized and applied by this court. This view finds support in numerous decisions, including the following:
 
 Murphy
 
 v.
 
 Hawthorne,
 
 117 Or., 319, 244 P., 79, 44 A. L. R., 1397;
 
 Hallett
 
 v.
 
 Crowell,
 
 232 Mass., 344, 122 N. E., 264;
 
 Corcoran, Adm’x.,
 
 v.
 
 City of N. Y.,
 
 188 N. Y., 131, 80 N. E., 660;
 
 Brigden
 
 v.
 
 Pirozzi,
 
 97 N. J. Law, 535, 117 A., 602;
 
 Spiker
 
 v.
 
 City of Ottumwa, 1
 
 93 Iowa, 844, 186 N. W., 465;
 
 Kaufman
 
 v.
 
 Hegeman Transfer & Lighterage Terminal, Inc.,
 
 100 Conn., 114, 123 A., 16;
 
 Rozycki
 
 v.
 
 Yantic Grain & Products Co.,
 
 99 Conn., 711, 122 A., 717, 37 A. L. R., 582;
 
 Ham
 
 v.
 
 County of Los Angeles,
 
 46 Cal. App., 148, 189 P., 462;
 
 Hatch
 
 v.
 
 Daniels,
 
 96 Vt., 89, 117 A., 305;
 
 Tutsch
 
 v.
 
 Omaha Structural Steel Works,
 
 110 Neb., 585, 194 N. W., 731.
 

 In the
 
 Kaufman case, supra,
 
 the Supreme Court of Connecticut had before it a case which called for a consideration of the principle now under discussion, the question being the correctness of an instruction similar to that given in the instant case. That court announced its conclusion as follows:
 

 
 *314
 
 “It is not necessarily contributory negligence, as matter of law, for the operator of an automobile to drive it in the night at such a rate of speed that he cannot stop it within the limit of his vision ahead; whether he is to be chargeable with negligence or not, depends upon what is reasonable under all the circumstances, and unless they unmistakably point to but one conclusion, the decision of that question is essentially one of fact for the determination of the trier. To hold otherwise,.would force the traveler to assume that the highway was liable to be obstructed and, in view of this, to so travel that he would not collide with any obstruction in the highway however negligently that might have been created and maintained.”
 

 We therefore find that the instruction given to the jury — -that the operation-of a motor vehicle at such speed as not to be able to stop within the range of the rays of its headlights is negligence as a matter of law — is erroneous.
 

 It is further complained that other instructions given by the court had the effect of minimizing the charge of negligence made against the defendant, and of stressing and unduly émphasizing the negligence charged against the plaintiff’s decedent, not only by numerous emphatic references to the latter, but by an unusual and illogical statement of the issues of negligence and contributory negligence. This portion of the general charge is as follows:
 

 “Now, ladies and gentlemen, you will proceed with the consideration of all the evidence in this case. As I have said to you before — if from a fair and impartial consideration in this case you find that the plaintiff’s decedent was negligent or that
 
 *315
 
 he was guilty of contributory negligence and that the negligence of the decedent was the proximate cause of this injury or accident, or that his negligence contributed in any manner to his injury or the accident, then I say to you that would end your consideration of the case and your verdict should be for the defendant. But if upon consideration of these issues of the case you should find in favor of the plaintiff, that the plaintiff’s decedent was free from negligence, any negligence that contributed to the accident, then you will pass to the next issue and that is was the defendant negligent as charged in the petition? If you find that the defendant was negligent in violating the provisions of these ordinances and statutes which I have read to you and that this violation on the part of the defendant was the proximate cause of decedent’s injury then you should find upon that issue in favor of the plaintiff and against the defendant, and your verdict should be for the plaintiff and against the defendant.”
 

 In any case, and particularly in a case such as this, in which the issues are so sharply drawn and' the evidence circumstantial, there being no direct evidence of the collision, it was particularly essential that the court should instruct the jury in such a manner as to avoid the placing of an unwarranted burden upon either party. It can readily be seen that this very manner of presenting the issues to the jury would have the effect of indicating to the jury an opinion of the court that the circumstances presented a case in which they need not even consider the first and primary issue — the negligence of the defendant. The charge tended to take from the jury the consideration of the issue of defendant’s negli
 
 *316
 
 gence, and the error did not relate merely to the single issue of contributory negligence; hence the doctrine of
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and subsequent cases based thereon, has no application.
 

 The error above pointed out is emphasized by the later statement of the court in the'general charge with reference to the burden of proof, where the court said:
 

 “The burden of establishing negligence or contributory negligence as a defense rests upon the defendant, unless the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence on his part, in which case the burden rests upon the plaintiff to remove such presumption by the preponderance of the evidence before he or she would be entitled to recover.”
 

 It has long been established in this state that, if the plaintiff’s evidence shows an injury by defendant’s negligence, and does not raise an implication that his own negligence contributed thereto, the burden of proving such contributory negligence as will defeat a recovery rests upon the defendant, and that burden must be sustained by a preponderance of the evidence. However, if plaintiff’s own testimony raises a presumption of contributory negligence upon his part, the burden of proof does not shift, and he is not required to remove such presumption by a preponderance of the evidence, but is only required to furnish such proof as is sufficient merely to equal or counterbalance the evidence tending to show contributory negligence on his part.
 
 B. & O. Rd. Co.
 
 v.
 
 Whitacre,
 
 35 Ohio St., 627;
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 Klunk
 
 v.
 
 Hocking Valley Ry. Co.,
 
 74 Ohio St., 125, 77 N. E., 752;
 
 Mad
 
 
 *317
 

 dex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 151 N. E., 56;
 
 Toledo, St. L. & W. R. R.
 
 v.
 
 Star Flouring Mills Co.,
 
 146 F., 953, 77 C. C. A., 203.
 

 In the
 
 Ritter case, supra,
 
 on page 59 (65 N. E., 614), the court says:
 

 “The court erroneously placed upon the plaintiff below, the burden of disproving contributory negligence charged in the answer, as a part of her case in chief. Such has never been the law in this state. ’ ’
 

 The rule with reference to the requirement of adducing evidence to meet a presumption, and the obligation devolving upon the party against whom the presumption exists, is well stated in the case of
 
 Klunk v. Railway Co., supra,
 
 although the court was there dealing with a statute providing, in substance, that, if an employee of a railroad company shall receive an injury by reason of a defect in any car, locomotive, or machinery owned and operated by it, the company shall be deemed to have had knowledge of such defect, and that, when the fact of such defect is made to appear in an action for damages by reason of such injury, the same shall be
 
 prima facie
 
 evidence of negligence of the company. The court had under consideration a charge of the trial court imposing upon the company the obligation of producing a preponderance of evidence in order to meet and rebut the
 
 prima facie
 
 presumption of negligence raised against it by the statute, and the court, at page 133 (77 N. E., 754), clearly laid down the rule which is applicable here. It' is as follows:
 

 “The general rule would seem to be well established by an almost unbroken line of authority— that to rebut and destroy a mere
 
 prima facie
 
 case,
 
 *318
 
 .the party upon whom rests the burden of repelling its effect, need only produce such amount or degree of proof as will countervail the presumption arising therefrom. In other words, it is sufficient if the evidence offered for that purpose,
 
 counterbalance
 
 the evidence by which the
 
 prima facie
 
 case is made out or established, it need not
 
 overbalance
 
 or outweigh it.”
 

 The instruction above quoted was therefore erroneous.
 

 Counsel for plaintiff below tendered evidence tending to prove that the decedent’s habit and custom was to be careful in driving his motorcycle, upon the theory that such evidence is competent where there are no eyewitnesses of the accident. It does not appear that this question has ever been presented or 'considered in this state, but cases from other states have been fcited supporting such view. These decisions are based upon the theory that such evidence tends to aid the presumption of self-preservation, because a person is more likely to do what he is in the habit of doing under the same conditions.
 

 Evidence tending to show that the one party usually and habitually exercised care in having the lights of his automobile turned on when parked on the highway at night would certainly be as competent as evidence that the other party usually exercised care in the operation of his motorcycle. The presumption exists that each party was in the exercise of ordinary care, and that neither was negligent, and each party has the benefit of such presumption.
 

 In our opinion, the trial court was right in rejecting the evidence of conduct upon other occasions, or
 
 *319
 
 the 'manner of driving generally. However, for the errors of the trial court in instructing the jury, as above discussed, the judgment of the court of Appeals reversing the judgment of the court of common pleas is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.