## COMMUNITY TRACTION CO v JAKUBEC

Ohio Appeals, 6th Dist, Lucas Co
No 2484. Decided Jan 19, 1931

Tracy, Chapman & Welles, Toledo, for Traction Co.

H. T. Towe, Toledo, for Jakubec.

18

RICHARDS, J..

It appears from the bill of exceptions that after dark on the date named, Jakubec was returning to his home from work at The Libbey-Owens Glass Company, riding with a friend employed at the same place and residing in the vicinity where Jakubec lives, and that Jakubec had a bargain with his friend to pay ten cents each trip for being conveyed to and from his work. The testimony offered on behalf of Jakubec shows it was raining and snowing and that the rain and snow accumulated on the windshield and, although the windshield wiper was working, it did not keep the glass free from obstruction, for which reason they were compelled to look out of the side windows in order to see ahead. While making the trip, the automobile collided with a bus of The Community Traction Company travelling in the opposite direction. It is urged that Jakubec was guilty of contributory negligence in riding in the automobile under the circumstances disclosed by his evidence and in failing to keep a proper lookout. We think, however, the verdict and judgment are sustained by sufficient evidence.

Much reliance is placed by counsel for plaintiff in error on the claimed error of the trial court in refusing to give before argument, request No. 2 asked by The Community Traction Company; and reading as follows:

"If you find that the plaintiff, John Jakubec, when riding in the automobile on the night in question did not use his senses of sight and hearing for his own safety to the extent that a reasonably prudent man would have done under the same or similar circumstances, then you are instructed that John Jakubec was negligent and if such negligence contributed to the slightest degree to cause the damage of which plaintiff here complains, then the plaintiff cannot recover in this action and your verdict must be for the defendant, The Community Traction Company."

This court is of opinion that the trial judge committed no error in refusing to give this requested instruction on account of the following language in the closing part, to-wit:

"If such negligence contributed to the slightest degree to cause the damage of which plaintiff here complains, then the plaintiff can not recover in this action and your verdict must be for the defendant, The Community Traction Company."

Passing the improper use of the word "to," which is apparently a clerical error, the requested instruction does not require that negligence of a plaintiff, in order to bar a recovery, should be either a direct or proximate cause of the injury to him. We know of no circumstances under which negligence of a plaintiff can bar his recovery in a personal injury case unless that negligence be either the direct or proximate cause, or in conjunction with the negligence of the defendant, is a direct or proximate cause of the injury. Remote negligence on his part can have no more bearing on the rights of the parties than remote negligence on the part of the defendant. The requested instruction would not be objectionable by reason of containing the words "contributed in the slightest degree," provided the phrase was used in connection with the statement that the negligence must also have been a direct or proximate cause of the injury. Such has been the holding of the Supreme Court and also of our Court in **Rogers v Ziegler, 21 Oh Ap, 186.** To give the instruction requested would deprive the injured party of the right of recovery if he were guilty of negligence which contributed in the slightest degree to cause the injury, even though such negligence may have had no relation to the injury except in the remotest way. This, of course, can not be the law.

In **Schweinfurth, Admr. v C. C. C. & St. L. Ry. Co., 60 Oh St, 215,** the second proposition of the syllabus explicitly holds that the negligence of the injured person does not bar his recovery unless such negligence contributed directly thereto or was a proximate cause of the injury. In the course of the opinion, on page 220, the court quotes with approval the definition of contributory negligence from Beach on Contributory Negligence, wherein it is defined as

"Such an act or omission on the part of the plaintiff as, concurring or co-operating

with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence, there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury."

The same requirement as to proximate or direct connection between the negligence of the plaintiff and the injury is re-stated in **Toledo Railways & Light Co. v Mayers, 93 Oh St, 304,** a case which went to the Supreme Court from this court. The familiar doctrine was again announced in **Pennsylvania Railroad Co. v Rusynik, 117 Oh St, 530,** as has already been held by our court in **Gallup, Admr. v Toledo Terminal Railroad Co., et al, 26 Oh Ap 447.**

The common law has never taken into consideration negligence of either the plaintiff or defendant unless it is a direct or proximate cause of the injury. The principle was formulated many years ago by Lord Bacon as follows:

"It were infinite for the law to judge the cause of causes, and their impulsions one of another; therefore it contenteth itself with the immediate cause; and judgeth of acts by that, without looking to any further degree."

This is so fundamental that it seems a work of supererogation to discuss it, and this court would not do so were it not for the fact that careless expressions have sometimes been used which have afforded some basis for the contention that negligence of the plaintiff may bar his recovery, even though it may not be a direct or proximate cause of the injury.

In **Behm v Cincinnati, Dayton & Toledo Traction Co., 86 Oh St, 209,** the court held it was not error to give a charge on the negligence of the plaintiff which did not contain a requirement that to be a bar such negligence must be a proximate or direct cause of the injury.

In **Woolley v Cincinnati, Hamilton & Dayton R. R. Co., 90 Oh St, 387,** the journal entry shows that a charge omitting the requirement was approved by the court.

In **Klein v Goldstein, 91 Oh St, 388,** the journal entry shows a similar inaccuracy.

Undoubtedly, in a case where the evidence was not set out in the bill of exceptions, prejudicial error might not appear, and it was so held in **Bradley v Cleveland Railway Co., 112 Oh St, 35.**

We find no error in the trial court refusing to give that request to the jury in charge.

All the other claimed errors have had the careful consideration of the court, but we find none prejudicial to the plaintiff in error, and the judgment will therefore be affirmed.

WILLIAMS and LLOYD, JJ, concur.