### OBRECHT v TALLENTIRE et

Ohio Appeals, 5th Dist, Ashland Co

Decided March 24, 1932

J. L. Mason, Ashland, for plaintiff in error.

M. V. Semple, Ashland, and F. D. Schell for defendants in error.

SHERICK, PJ.

The errors complained of are nine in number, but we are of opinion that a consideration of two of the errors claimed

must be dispositive of the entire controversy. The first of these raises the question of the court's application of the law to the facts as adduced in the trial of the case.

We have diligently searched the record for any and all proof on the issue of contributory negligence, and the only evidence that we find responsive to this issue is to be found in the cross-examination of the plaintiff, as set forth in the bill of exceptions. It is there admitted that the plaintiff and the defendant Bradfield and another boy were all seated in the single seat of the Ford roadster; that their respective weights were 180, 150, and 135 pounds. The plaintiff was wearing a leather coat, and all three were dressed for winter.

From this testimony and no other the trial court, following the holding in Rogers v French Brothers-Bauer Co., 31 Oh Ap, 77, 81, 166 NE, 427, charged the jury on the question of contributory negligence as an issue in the case. In that case the court of the First Appellate District held that "The bare presence of three persons in the driver's seat warranted the court in placing the issue of contributory negligence before the jury under proper instructions". With this authority we are regretfully unable to agree; and we would express our reason and authority for the view we entertain.

We appreciate the rule that an invited passenger is not absolved from the duty to exercise reasonable care for his own safety, and that whether he has done so under the circumstances shown and situation in which he is placed usually becomes a question of fact for the jury; but the meagerness of the facts in the present case, to our notion, makes the matter but a question of law.

The fact that three are riding in the driver's seat, in the absence of statute or municipal legislation forbidding the same, no doubt gives rise to the logical inference that the driver's seat is crowded, and from this it might be further inferred that this congestion limited the driver of the automobile in exercising proper control over it, and from this it might again be further presumed that the driver's lack of control or limited operation was a direct and proximate cause contributing to plaintiff's injury, which he in part knowingly aided in putting in motion.

There is no testimony in this action, other than by inference, that the drver's seat was crowded, or that the driver was interfered with in the control of his car, or that the negligence of the driver in the car's operation was caused by any such congestion or interference, or that such negligence, if any there was, was a direct, proximate, and contributing cause to the accident.

The doctrine of imputed negligence does not prevail in this state, and it is equally well settled, as held in **Sobolovitz v Lubric Oil Co., 107 Oh St, 204**, 140 NE, 634, that an inference cannot be based upon an inference, and that a reasonable inference can only be predicated upon a fact, and not upon another inference. If this were not true, a chain of facts need not be given in evidence, and cases might be made without evidence further than the proof of a premise fact, from which logical inferences, one upon another, might be drawn. In the case at bar, from the facts proved, it may be inferred that the driver's seat was crowded, and no further presumption should be indulged; and the mere proof that the plaintiff was one of three riding in the driver's seat, and the inference deducible therefrom, that the seat was crowded thereby, is not proof of the issue of contributory negligence, and so the question at bar was one of law, and not one of fact for the jury.

We would not be misunderstood; for this fact and inference might properly have become a jury question had any other facts been proven showing that the crowded condition of the driver's seat was directly referable to and caused the accident. Such would then have been a proper element to be considered by the jury.

We do not find that our Supreme Court has passed upon the precise question presented, but we do find that the courts of several states have directly or indirectly considered it. Washington, Baltimore & Annapolis Rd. Co. v State, Use of Hall, 136 Md., 103, 111 A., 164; Dillabough v Okanogan County, 105 Wash., 609, 178 P., 802; June v Grand Trunk Western Ry. Co., 232 Mich., 449, 205 NW, 181; Kinley v Hines, 106 Conn., 82, 137 A., 9; Mitchell v Raymond, 181 Wis., 591, 195 NW, 855; Kalamian v Kalamian, 107 Conn., 86, 139 A., 635; Alost v Moock Wood & Drayage Co., 110 La. App., 57, 120 So., 791.

Blashfield's Cyclopedia of Automobile Law, volume 2, page 1104; Berry on Automobiles (6th Ed.), volume 1, §688; and Huddy's Cyclopedia of Automobile Law, express a like understanding. The latter author, in volumes 5-6 (9th Ed.), of Automobile Law, says on page 254, §139: "It is not contributory negligence for two per-

sons to ride on the front seat with the driver, if the latter is not incommoded or obstructed."

We would direct attention further to the case of Shapiro v Union St. Ry. Co., 247 Mass., 100, 141 NE, 505. In this case four persons were in the driver's seat of a Ford roadster. The manner of their seating and their crowded condition were in evidence, the dimensions of the driver's seat were also proved, and the driver's inability to control the car was also shown. The court therein rightly approved of a special request to charge, which was in the following language: "If the four plaintiffs were riding in a Ford Roadster and their presence limited the driver of the automobile in his exercise of control over the automobile and his lack of control or limited operation in any way contributed to the accident, then the plaintiffs cannot recover and your verdict should be for the defendant."

Had there been proof of similar facts in the case at bar a like instruction would have been proper.

Should we be in error on the conclusion above reached, and the fact that contributory negligence was an issue in this case, then we hold that the plaintiff in error is further correct in his contention, in that the cause should be reversed for error of commission appearing in the court's charge.

The court, after having correctly defined "contributory negligence," proceeded further to say to the jury "The burden of establishing contributory negligence as a defense would rest upon the defendant to prove by a preponderance of the evidence, unless the proof offered in behalf of the plaintiff is, in and of itself, of a character as to raise a presumption of negligence upon his part, in which event the burden would rest upon the plaintiff to remove that presumption by appropriate and sufficient evidence."

It is the law that, where an aggrieved litigant has placed upon him a greater burden than is imposed by law, then such is prejudicial error. In **Tresise v Ashdown**, 118 Oh St, 307, 160 NE, 898, 58 A.L.R., 1476, it is held: "2. An instruction in such case that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption; it need not overbalance or outweigh it." To the same effect, see **Smith v Lopa**, 123 Oh St, 213, 174 NE, 735.

True the court did not say remove that presumption by a preponderance of the evidence, but the viciousness of the words used lies in the use of the word "remove" and the indefiniteness of the quantum of proof suggested by the words "appropriate and sufficient evidence". One juror might exercise his own opinion that the court meant beyond any reasonable doubt; another might select as his measuring stick a preponderance of the evidence. The jury should be so instructed that all of the jurors would apply the same rule.

The word "remove" means more than "counterbalance." It has an accepted meaning of overcoming something, or superseding something. The true rule is that the plaintiff need only produce such evidence as will counterbalance, or hold the scales in equipoise, and the presumption is thereby dispelled.

The charge is further objectionable as we shall hereinafter point out. Considering further the evidence in this case, it appears without question that either Tallentire or Bradfield, or both of them, were negligent. Had their automobiles been driven on their respective sides of the road, the accident would not have occurred. This seems to us to have been the real question in this action. It is pointed out that the court correctly defined "contributory negligence" in the early part of his charge, but thereafter he said to the jury: **"You will proceed then, after you have retired to your jury room, to determine whether this plaintiff was negligent as a guest in the machine of John Bradfield."** And later on he said: **"If you find that the plaintiff was negligent while riding as a guest in the machine he cannot recover."**

In view of the real issue in this case, as pointed out, we deem it highly prejudicial to the plaintiff in error that the court twice told the jury that if the plaintiff was negligent, he could not recover. The real issue was, in fact, beclouded thereby, and the plaintiff's negligence, that is, if the plaintiff had committed any negligence, or done any act, or failed to do something which he should have done, was unduly stressed and made the dominant issue. Such is not the law; the negligence must be such negligence as directly and proximately contributes to the injury, and the jury should have been so instructed.

It is also complained of that the court

used the word "guilty" in speaking of the negligence of the parties, but it is apparent from the balance of the charge that the court meant "guilty" of negligence, and we believe that the jury fully understood what was meant thereby and that no prejudice resulted therefrom. It is not, however, a word that should be employed in defining negligence and is not synonymous therewith.

It is therefore this court's judgment that the judgment be reversed, and the cause remanded for a new trial.

LEMERT and MONTGOMERY, JJ, concur.