### TAILFORD v HEROLD

Ohio Appeals, 6th Dist, Wood Co

No 519.   Decided March 28, 1932

Brady, Yager & Bebout, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

**WILLIAMS, J.**

There was a conflict of evidence not only as to whether Dr. Herold was guilty of negligence in permitting the ring to remain on, but also as to whether or not the plaintiff herself was guilty of contributory negligence with respect thereto.

It is contended in this court that the verdict is not sustained by sufficient evidence. We are satisfied that the verdict is not so manifestly against the weight of the evidence that this court should disturb it.

It is also contended that the trial court committed error in charging the jury as follows:

"If the evidence of the plaintiff raises a presumption that the plaintiff was negligent and that such negligence directly contributed to her injury, then the burden is upon the plaintiff to remove such presumption."

In support of this contention plaintiff in error cites **Ford Motor Co. v Barry, 30 Oh Ap, 528, 558**, and **Goodyear Tire & Rubber Co. v Marhofer, 38 Oh Ap, 143, (10 Abs 253)**. These decisions should be read in the light of the decisions of the Supreme Court of Ohio. In **Railroad v Whitacre, 35 Oh St, 627**, the second syllabus reads as follows:

"But if plaintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption."

In **Maddex v Columber, 114 Oh St, 178**, Railroad v Whitacre, supra, is approved and followed. We quote from the opinion at page 186:

"Contributory negligence is an affirmative defense and the burden of showing the same is upon the party alleging the defense; but, if plaintiff's own testimony in support of his cause of action raises a presumption of his own contributory negligence, the burden rests upon him to remove that presumption before he can recover."

In **Tresise v Ashdown, 118 Oh St, 307**, the court lays down the principle that if the proof adduced in behalf of the plaintiff raises a presumption of negligence, the plaintiff is not required to remove such presumption by a preponderance of the evidence but is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption. In the course of the opinion Railroad v Whitacre, supra, and Maddex v Columber, supra, are cited with approval.

The principle announced in the case of Tresise v Ashdown, supra, has been followed in **Heidle et v Bridwin, 118 Oh St, 375, 390; Cowley v Bolander, 120 Oh St, 553, 558**, and **Smith v Lopa, 123 Oh St, 215**.

In the case of **Myers v Railroad, 122 Oh St 557**, the court in the opinion says:

"If the plaintiff's own testimony supporting his cause of action raises a presumption of contributory negligence, the burden rests upon him to remove that presumption. **Baltimore & Ohio Rd. Co. v Whitacre, 35 Oh St, 627; Maddex v Columber, 114 Oh St, 178, 151 NE, 56**. However, this rule has been somewhat modified in this respect: That if the plaintiff's proof raises a presumption of negligence upon his part, he is only required to produce evidence sufficient to counter-

balance the evidence giving rise to the presumption. **Tresise v Ashdown, Admr., 118 Oh St, 307, 160 NE, 898, 58 A. L. R., 1476."**

It is perhaps not strictly accurate to say that if plaintiff's proof raises a presumption of negligence on his part that the plaintiff must produce evidence to counterbalance the evidence giving rise to the presumption before he can recover, as negligence of the plaintiff is not a bar to recovery unless it proximately contributes to produce his injury. **Community Traction Co. v Jakubec, 38 Oh Ap, 73, (10 Abs 17).** The Supreme Court has disapproved neither Railroad v Whitacre nor Maddex v Columber, and it is not error for a court to tell the jury that if plaintiff's evidence raises a presumption of contributory negligence on his part, before he can recover he must remove the presumption. It is true that the Supreme Court has held that the presumption is removed when it is counterbalanced by evidence of equal weight, but when the rule is stated in the form in which it appears in the second syllabus of Railroad v Whitacre, and no request is made for an instruction explaining the meaning of the term "remove the presumption," in our judgment no reversible error is committed.

The whole principle has been fully explained and completely stated in the second syllabus in Smith v Lopa, supra, and it would be the better practice, in our judgment, for trial courts to state the principle in the clear and amplified form in which it there appears.

The trial court committed no error in giving the charge quoted and if counsel for defendant desired to have the court explain to the jury what was meant by the removing of a presumption, a request should have been submitted.

Plaintiff in error also contends that the court did not explain the issues to the jury within the meaning of the rule laid down in **Railroad v Lockwood, 72 Oh St, 586.** The court used the following language:

"The petition, the answer and the reply constitute the pleadings in this case; the pleadings state the issues and the issues are the facts which the jury are to determine from the evidence in the case. The burden of proof in this case is upon the plaintiff and in order that the plaintiff may recover a verdict at your hands, she must establish the essential allegations in her petition by a preponderance of the evidence in this case."

Had the trial court gone no further in explanation of the issues, no doubt the contention of plaintiff in error would have been well-founded. A careful reading of the charge, however, discloses that the trial court not only defined the issues and stated the law pertaining thereto but clearly and with completeness told the jury under what circumstances the plaintiff could and could not recover. The contention of plaintiff in error in this respect is not well-founded.

Plaintiff also claims that the court, after making some explanation of the law of contributory negligence used the following language:

"This grows out of the doctrine that a party who by her own negligence or disregard of duty, contributed to bring an injury upon herself, can not hold other parties who have also contributed to the same responsibility, for any part thereof; nor does it make any difference that one of the parties contributed in a much greater degree than the other. The injured party must not have contributed at all."

In this language the rule as to contributory negligence is stated too strongly against the plaintiff in error, and was erroneous. It ignores the principle that the negligence of the plaintiff, to be a bar to recovery, must proximately contribute to produce plaintiff's injury. We are of the opinion, however, that the action of the trial court in so charging did not constitute reversible error for the reason that the erroneous passage relates entirely to the issue of contributory negligence and under the two-issue rule laid down in **Sites v Haverstick, 23 Oh St, 626,** and allied cases, there was no error to the prejudice of plaintiff in error.

We have examined all the alleged errors and find none requiring a reversal of the judgment. For the reasons given the judgment will be affirmed.

LLOYD and RICHARDS, JJ, concur.