PERKINS *v.* GREAT CENTRAL TRANSPORT CORP.

1. COURTS—TORTS—LAW GOVERNING—CONFLICT OF LAW.

    Where action is brought in one jurisdiction for tort committed in another, general rule is that all matters relating to right of action are governed by *lex loci,* and all matters relating purely to remedy by *lex fori.*

2. SAME—LAW OF FOREIGN STATE—SUBSEQUENT AMENDMENT OF STATUTE.

    In considering case involving law of State of Ohio, holdings in syllabi, which state holding of Ohio Supreme Court rather than opinions, must be considered in light of facts presented, such as subsequent amendment of statute.

3. STATUTES—CONSTRUCTION—CONSTRUING STATUTE OF FOREIGN STATE.

    Where foreign statute has not been construed in State of enactment, courts of State where cause is on trial will construe it as they would like statute of their own State.

4. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—STATUTES.

    Where, in action for death of automobile driver caused by collision in nighttime with rear of truck standing on pavement in Ohio, under law of that State or of this State decedent must be held guilty of contributory negligence as matter of law, in. that he was driving at greater rate of speed than would permit him to stop within assured clear distance ahead, verdict should have been directed in favor of defendants (Throckmorton's 1930 Ann. Code Ohio, § 12603; 1 Comp. Laws 1929 [Mich.], § 4697).

Appeal from Wayne; Campbell (Allan), J. Submitted January 19, 1933. (Docket No. 124, Calendar No. 36,925.) Decided April 4, 1933.

Case by Audrey Perkins, administratrix of the estate of Banner Perkins, deceased, against Great

Central Transport Corporation, a Michigan corporation, and another for personal injuries resulting in the death of plaintiff's decedent alleged to be due to defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*Walter M. Nelson,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

SHARPE, J. The plaintiff and her husband, Banner Perkins, were traveling in a northerly direction from Bowling Green towards the city of Toledo, in the State of Ohio, in the evening of February 5, 1930, in a Nash car, owned by her but driven by her husband. At about 9:30 o'clock their car collided with the rear of a truck standing on the highway, owned by the defendant corporation and driven by the defendant Roberts, and Mr. Perkins sustained injuries resulting in his death the following day. She brings this action as administratrix of his estate to recover the damages incident thereto. On trial before the court and a jury she had verdict and judgment for $9,950, from which the defendants have taken this appeal.

Among the errors complained of is the refusal of the court to direct a verdict for the defendants and its denial of defendants' motion for judgment *non obstante veredicto,* both based on the claim that no negligence on the part of the defendants was shown and that the deceased was guilty of contributory negligence.

The testimony of plaintiff may be summarized as follows:

She and her husband were driving north on Dixie highway about five miles from Bowling Green. The

road was paved 16 or 17 feet in width. They had their headlights on. It was a very misty night and extremely cold.

"There wasn't exactly snow; there had been snow previously. But you would go along all right for a while, and then you would sort of come on ice, and then you could drive a little ways again and it was sort of patchy."

There was a shoulder on the right-hand side about two feet wide. They were traveling about 25 miles per hour. When about 30 feet from the truck, plaintiff saw—

"apparently a black object, but I could not discern what it was, or I could not have said at the time what it was."

It was in their path, all "four wheels on the pavement."

Plaintiff's husband—

"put on the brakes on the car, and sort of jerked, and then it started to slide, so he took hold of the wheel, so far as he could, so he turned it to the right, and he reached down with his left hand and pulled on the emergency brake. * * * The car slid right into the truck. * * * The side I was sitting on turned full around, and I was thrown from the car. * * * He took to the ditch and then turned to the right."

The car struck the corner of the truck "toward the center of the road." It turned part way around. She got up and went to the car. Her husband was "sitting in the car." There was nobody in the cab of the truck. There was no light on the rear of the truck. "I screamed for help," and some people across the road came with a lantern. Motorists came along, and her husband was taken out and to a farm-

house. He was conscious and able to walk. He was afterwards taken to a hospital and treated by doctors, but died the next morning.

On cross-examination she said that they were both familiar with the highway; that they could see about 30 feet ahead of their car; that they had not used their windshield wiper. "You could not see their lights plainly"—of the oncoming traffic. "They gave a funny dazzling sort of a light. * * * My husband has stopped his car within 10 feet."

"*Q.* Did you see any lights at all?
"*A.* No, I did not see any lights."

A car could have passed the truck as it stood there.

The plaintiff was the only eyewitness to the collision. It thus appears by the undisputed testimony that the deceased was driving the car along a slippery road at the rate of about 25 miles per hour in the nighttime, and that the truck standing therein could not be seen by him, owing to the darkness and the atmospheric conditions, until he had reached a point in the highway about 30 feet from it. At the rate of speed he was traveling, the car would cover this distance in less than one second of time, and it appears that there was plenty of room for him to have passed the truck had he seen it in time to do so. These facts being undisputed, had the collision occurred in this State, it would have been the duty of the trial court to have granted defendants' motion for a directed verdict on the ground of the contributory negligence of the deceased. *Humphrey* v. *County of Wayne,* 257 Mich. 398, and cases therein cited.

The collision occurred in the State of Ohio.

"Where an action is brought in one jurisdiction for a tort committed in another, the general rule is that all matters relating to the right of action are governed by the *lex loci delicti,* and all matters re-

lating purely to the remedy by the *lex fori.*" 5 R. C. L. p. 1036.

Counsel for the plaintiff contends, and the trial court after lengthy argument concluded, that, under the law of that State as construed by its appellate court, the question of contributory negligence must be submitted to and passed upon by the jury. It was asserted by plaintiff's counsel, and conceded by defendants' counsel, that under the law in that State the syllabi state the holdings of the court rather than the opinions.

The case most strongly relied on is *Tresise* v. *Ashdown,* 118 Ohio St. 307 (160 N. E. 898, 58 A. L. R. 1476), the first syllabus of which reads as follows:

"In an action to recover damages for injuries claimed to have been sustained by the driver of a motor vehicle resulting from a collision with another motor vehicle parked at the right side of the highway at night with no light in the rear or other warning thereof, an instruction to the jury, that operation of such motor vehicle at such a rate of speed that the driver cannot stop within the distance that an obstruction in the highway could be seen by his own headlights constitutes negligence *per se,* is erroneous."

This holding must be considered in the light of the facts there presented. The defendant left his car parked at the curb of a street in the city of Cleveland after dark and without the light in front or rear thereof required by an ordinance of the city. There was no eyewitness to the collision caused by the motorcycle, on which the deceased was riding, running into it. He was instantly killed. A provision of the ordinance required motorcycles to have a lamp thereon showing a white light visible within a

reasonable distance in the direction towards which it is proceeding. The trial court instructed the jury that it was the duty of the deceased to keep his motorcycle "under such control that the car could be stopped within the range of the light produced from the light thereon," and "to operate his car at such rate of speed that if there was an obstruction in the road or street that he could stop within the distance that the obstruction could be seen from the light on his machine."

The appellate court held that this instruction was erroneous; that the "conduct of a driver of a motor vehicle which is not shown to have been in violation of law or ordinance should not be declared to be negligence *per se,* but that each such case must be considered in the light of its facts and circumstances, and the usual tests applied to determine whether there was a failure to exercise ordinary care in the operation of such motor vehicle."

In *Cleveland, etc., R. Co.* v. *Lee,* 111 Ohio St. 391 (145 N. E. 843), the second paragraph of the syllabus reads:

"In an action involving the negligence of the defendant and contributory negligence of the plaintiff when, giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, but, for the purposes of the case, becomes an uncontroverted fact for a declaration by the court of the law applicable thereto. It is the duty of the court in such case to direct a verdict."

There was a similar holding in *Buell* v. *Railroad Co.*, 114 Ohio St. 40 (150 N. E. 422). The first section of the syllabus reads:

"Where, in an action for negligence, a motion is made for directed verdict in defendant's favor at the close of plaintiff's evidence on the ground that plaintiff's evidence raises a presumption of contributory negligence, the issue raised by such motion requires that plaintiff's evidence be given the most favorable interpretation, and, if such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part directly contributing to the injury, and defendant's conduct is not shown to be wilful or malicious, and plaintiff is not aided by any other evidence in the case, it becomes the duty of the court to direct a verdict."

Throckmorton's 1930 Annotated Code of Ohio (Baldwin's Rev.), § 12603, was put in evidence. It reads in part as follows:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

It was insisted that the holding in *Tresise* v. *Ashdown, supra,* was applicable thereto. But the attention of the court was not called to the fact that the provision that the speed of a motor vehicle shall not be greater than will permit the driver to bring it to a stop within the assured clear distance ahead was inserted in this statute by an amendment enacted in

1929 (113 Ohio Laws, p. 283), and after the above case was decided. It may also be noted that the court in that case rested decision on the fact that the driver of the motorcycle was not violating any law or ordinance at the time of the collision.

It does not appear that section 12603 as amended has received a construction by the Supreme Court of Ohio.

"Where a foreign statute has not been construed in the State of enactment, the courts of the State where the cause is on trial will construe it as they would a like statute of their own State." 59 C. J. p. 946.

This court has, as before stated, many times placed its construction upon similar language in our statute (1 Comp. Laws 1929, § 4697).

Upon this record, if the negligence of the defendant be conceded, and if the law of either the State of Ohio or of this State relating to the duties of drivers of automobiles upon the highways at night be applied to the facts here presented, and as but one conclusion can be drawn from them, it must be held as a matter of law that the deceased was guilty of negligence contributing to his injury and death, and that a verdict should have been directed in favor of the defendants.

The judgment entered is reversed and set aside, with costs, and the cause remanded to the trial court, with direction to enter a judgment for the defendants.

MCDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.