CLOUD, APPELLANT, *v.* CITY OF FREMONT, APPELLEE.

(No. 403—Decided March 22, 1943.)

Messrs. *Young & Young* and *Mr. Russell S. Hull,* for appellant.

*Mr. Bernard J. Hawk,* city solicitor, and *Mr. W. J. Mead,* for appellee.

CARPENTER, J. The plaintiff claimed that she received personal injuries on the evening of October 14, 1941, on Ohio avenue, in the city of Fremont, by falling into a manhole in the top of an iron cover of a sewer inlet located in and back of the curb. She alleged that the defendant, the city of Fremont, permitted such

sewer inlet to become a nuisance, thereby causing the injuries for which she asked damages. The jury returned a verdict for the defendant, on which judgment was entered, and plaintiff took this appeal on questions of law.

The errors assigned relate to the weight of the evidence, rejection of evidence, and the court's charge.

On consideration of the whole record, this court can not say that the verdict was manifestly against the weight of the evidence.

The alleged error as to rejection of evidence related to evidence on the subject of notice to the municipality as to the defective condition of the sewer inlet. A nearby resident, Mr. Redding, testified that he phoned to the city waterworks department on several previous occasions, telling it of the defect. This was properly ruled out at the time because that department was not chargeable by law with any duty regarding the condition of the sewer inlet, and notice to it would not be notice to the proper agent of the city. Later in the trial, the director of service of the city who has supervision over the streets and the street department testified that his office and that of the waterworks department were near together and his telephone was an extension of the one in that department, and that telephone calls regarding street matters were received there. Had the plaintiff then asked to have the rejected testimony of the witness Redding submitted to the jury, she would have been entitled to it, but, such request not having been made, no error was committed in this respect.

The court, in its charge to the jury defining the things the plaintiff had to prove, said:

"Secondly, she must establish by a preponderance of the evidence that the city at the time that she was hurt had actual or constructive knowledge of that condition."

Actual and constructive knowledge were then properly explained. It was then charged that after such knowledge, the city had a reasonable time in which to repair it.

The charge entirely omitted the element that if the sewer inlet was defectively constructed by the city and the displacement of the manhole cover resulted from such defective construction, whereby plaintiff was injured, no notice of such defect need be proven. *City of Alliance* v. *Campbell,* 17 C. C., 595, 6 C. D., 762, affirmed without opinion, *City of Alliance* v. *Campbell,* 53 Ohio St., 650, 44 N. E., 1132.

Evidence tending to prove such defective construction was admitted without objection. Some evidence indicated that the upper edge of the frame in which the manhole was located "sticks out in the street" and thus exposed it to the danger of being hit by traffic and pulled out and the manhole cover misplaced, as it was found to be that night. About two months before this event, a cover like this one in this inlet had been broken up by traffic and had to be replaced. The street commissioner, called by the city, testified that this type of inlet cover was in general use throughout the city and was kept in stock for replacement purposes. When asked about the time of the mishap previous to this one, he said:

"I could not say as to that. By—we have so damn many of them to fix; a fellow could not keep track of them."

In the light of this and other similar evidence, the charge was positively erroneous in omitting this phase on the subject of notice.

On the issue of contributory negligence, the court charged:

"The burden of establishing contributory negligence on her part is upon the city, unless she, in the presenta-

tion of her case, raised a presumption that she was so negligent and fails to remove or explain it away, otherwise it is on the city to establish her contributory negligence by a preponderance of the evidence.''

In *Engler* v. *Reed, Admr.,* 53 Ohio App., 15, 4 N. E. (2d), 170, this court held it was error to charge that a plaintiff must ''remove'' such presumption. The addition of the words ''or explain it away'' used herein, did not lessen the burden upon the plaintiff, but, if anything, added to it. As was said in the *Engler case,* the only burden on the plaintiff is, by evidence, to equal or counterbalance the inference (a better term than presumption). As pointed out in *Obrecht, a Minor,* v. *Tallentire,* 43 Ohio App., 376, 183 N. E., 295, ''remove'' means more than ''counterbalance.''

The decisions on this question and the changes that have come in the principle are discussed at some length in *Valencic* v. *Akron & Barberton Belt Rd. Co.,* 133 Ohio St., 287, 13 N. E. (2d), 240, wherein the opinion states, ''evidence of equal weight is all that is required to destroy the presumption.'' As stated in *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 316, 160 N. E., 898, evidence by the plaintiff ''sufficient merely to equal or counterbalance the evidence tending to show contributory negligence on his part,'' is all that is required. ''Equal or counterbalance'' is the rationale of all of these decisions.

In this respect the charge was erroneous, and, as there was prejudicial error in the submission of both the issue of defendant's negligence and the issue of plaintiff's contributory negligence, the two-issue rule does not save the judgment which, for the errors in the charge, is reversed and the cause is remanded to the lower court for another trial.

*Judgment reversed and cause remanded.*

LLOYD and STUART, JJ., concur.