Hart, J.
One of the assignments of error made by the owners is that, even though the contract between the parties was on a cost-plus-fixed-fee basis, it contained a maximum limitation clause of an approximate amount of $27,000, plus a fixed fee of $2,700; that such limitation should be recognized; and that a cost-plus builder whose claimed costs are disputed should be limited to recovery of the reasonable cost of the work done.
The question of the interpretation of the character of the contract and the rights and the obligations of the parties thereunder was before the Common Pleas Court, the Court of Appeals and this court in the former trial of this cause.
An appeal from the original judgment of the Court of Appeals was taken to this court and such judgment was here affirmed. See the judgment entry of the Court of Appeals and the syllabus and opinion of this court quoted from in the statement of facts herein. There was no further appeal, and that judgment, determining the basis of recovery under the contract, thereby became final as the law of the case, binding on all the courts on retrial of the cause. This court alone can overrule its former judgments.
The owners contend that only such part of this court’s judgment of affirmance as was carried into the syllabus of the case became the law of the case, and that such syllabus relates only to the issue of parol evidence varying a written contract. The owners, in support of this contention and citing 11 Ohio Jurisprudence, 797, rely upon rule VI of this court, which they state to be in effect that “the points decided are found in the syllabus,” and that “matter outside the syllabus is not regarded as decision.”
The purpose and object of rule VI of this court is to distinguish the syllabus, as the point of agreement of all the judges concurring in the opinion, from other statements made in the course of the opinion. The *438 rule does not substitute the syllabus for the court’s judgment, from which must be determined the issues decided by the court.
There can be no question that where a judgment becomes final in the course of litigation, it becomes res judicata or the law of the case as to all questions therein decided. Where a second action or a retrial of an action is predicated on the same cause of action and is between the same parties as the first action or first trial of an action, a final judgment of an appellate court in the former action or the first trial of an action is conclusive in the second action or second trial of an action as to every issue which was or might have been presented and determined in the former instance. Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, 91 N. E., 988; Norwood v. McDonald et al., Admrs., 142 Ohio St., 299, 52 N. E. (2d), 67. See United States v. Glidden Co., 119 F. (2d), 235, certiorari denied, 314 U. S., 678, 86 L. Ed., 542, 62 S. Ct., 182.
As to the doctrine of “law of the case,” it is stated as follows in Black on the “Law of Judicial Precedents,” 271, Section 83:
“Where a cause has been heard and determined by an appellate court, the rules and principles of law laid down as applicable to it are imperatively binding upon the trial court in all further proceedings in the same action, and can not be reviewed, ignored or departed from.”
In the case of Pollock v. Cohen, 32 Ohio St., 514, Judge Ashburn in the course of the opinion said:
“It is well settled by authority, and is a doctrine sound in principle, that all questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court.
*439 “The time should come, in the history of a cause, when litigation must end. If the failing party was allowed to prosecute a new petition in error, on the same record, whenever he imagined he had discovered a new ground of error not previously assigned, litigation would he interminable. Such a practice would violate well-settled principles of law and be against public policy.” See, also, annotation, 67 A. L. R., 1390 et seg.; 11 University of Cincinnati Law Review, 266 et seg.
Another assignment of error is that the trial court erred in its charge to the jury to the effect that the owners had the burden of proving ¿he claim that the builder in constructing the house was extravagant, wasteful and dilatory; and that unless the owners made such proof the builder could collect all costs spent in the construction.
The court, at the request of the builder, gave before argument special requests four and nine, as follows:
“No. 4. If you should find that the plaintiff was guilty of any malfeasance, extravagance, wastefulness or negligence, or failure to proceed with its work on defendants’ house with such dispatch and due diligence as was reasonable under all the circumstances then existing, then the amount of any damage which the defendants are entitled to credit against plaintiff’s actual costs, is the amount by which the costs were so increased. ’ ’
“No. 9. * * * In order t-o recover its actual total, costs, * * * plaintiff must prove by a preponderance of the credible evidence the amount of the costs incurred by it in constructing the residence * * *. Plaintiff need not prove that such costs were reasonable in order to recover.
“Before the defendants can prevent plaintiff’s recovering its actual total costs, or reduce the amount of plaintiff’s recovery, they must prove by a preponderance of the credible evidence that they suffered *440 some damage as the result of malfeasance, extravagance, wastefulness or negligence upon the part of the plaintiff in the prosecution of the work, or as the result of plaintiff’s failure to proceed with reasonable dispatch and due diligence.”
No objection was made or exception taken by the owners to the giving of these charges.
In the course of its general charge to the jury, the court said:
“Now in this case, * * * we have not only the general law but the law of this case, and it has been fixed by the Supreme Court of the state of Ohio after a full and complete review. This case has been sent back by them for trial and the unanimous opinion of the Supreme Court of Ohio is that we are dealing with a cost-plus contract, not a fixed contract. The contractor * * * is entitled to recover * * * the amount of his unpaid costs, inclusive of fee and compensation, as hereinbefore indicated, $2,700 * * * and of the amount, if any—and you are to deduct also the amount, if any, of any lawfully compensable damages which the defendants may have suffered by reason of any malfeasance, extravagance, wastefulness or negligence upon the part of plaintiff in the prbsecution of said work, or failure to proceed therewith with reasonable dispatch and due diligence.
( i * * *
“Now then, the question you have to decide is this: Has the defendant Durkee, have the defendants, the Durkees, established by a preponderance of the evidence, any wastefulness, malfeasance and negligence or failure to proceed with reasonable dispatch and due diligence upon the part of this contractor. We say they must establish it by a preponderance of the evidence; negligence, malfeasance and any wrong doing is not presumable; it must be proven, and of course the defendant has that burden * *
*441 No objection was made or exception taken to the general charge of the court, and, upon inquiry of counsel by the court at the close of the general charge as to whether they desired anything further, counsel for both parties answered in the negative.
Under this state of the record, the owners are not in position to complain of the charge of the court and, for that reason, this claimed error may be disregarded. Kennard, a Minor, v. Palmer, a Minor, 143 Ohio St., 1, 53 N. E. (2d), 908. However, in the opinion of the court, if the error claimed by the owners is considered on its merits, the same result must follow.
At the trial of this cause, the builder offered evidence of increased costs claimed to have been made necessary by the conduct of Durkee. The amended answer and amended cross-petition, including a counterclaim, of the owners for the first time raised the issues of extravagance, waste, delay and negligence upon the part of the builder, in the nature of an affirmative defense. The owners allege in their amended answer:
“Defendants further say that if the plaintiff expended the amount of money claimed by it for labor, materials and services in the construction of said house and garage to the time the construction work was abandoned by the plaintiff, such expenditures were grossly excessive and far beyond the fair and reasonable value of the labor and materials supplied by it, and greatly in excess of the reasonable value of the improvement to defendants’ property by plaintiff, the reasonable value of which does not exceed $21,000.”
The trial court followed the specific mandate of the Court of Appeals, in the retrial of this action, with respect to the rights of the parties, including the order, nature and burden of proof.
The builder introduced in evidence complete de *442 tailed costs of the construction. It was necessary for the owners to support their answer and cross-petition with evidence, under the familiar rule of law that the party, to whose case the fact in question is essential, has the burden of proof as to such fact. The owners attempted but failed to make such proof or sustain the claims of their amended answer. This is demonstrated by the following testimony of Durkee on cross-examination :
‘ ‘ Q. Are you now claiming that any of these charges are excessive? A. I don’t know that—.
“Q. Then, in substance this house is costing you more than you want to pay so that the price must be excessive, is that right? A. I can’t answer in that way, not more than I want to pay, more than it is worth.
“Q. Well, you haven’t found anything wrong with any particular thing, any particular amount of money Mr. Burton has paid for the house? A. Not to my knowledge.
i 6 * # *
“Q. Are you claiming now that Burton paid his carpenters or labor men or other concerns more than he should have paid? A. No, I don’t know that he did.
“ * * * A. I think he charged—I think he had to pay the prevailing rate.
“Q. Those men were good men, were they not? A. Mr. Lippert was a good man.”
In the instant case, it is the claim of the owners that disparity between the actual cost and the estimated cost makes it probable that there was extravagance and waste, and that under such circumstances the burden of proof should be on the builder to show the reasonableness of costs. But here there is no such factual situation. Under the interpretation of the contract as determined by the courts in the former trial, the builder was not bound by the rule of reasonable cost *443 but was entitled to actual costs, and the burden of proof is upon the owners to show that the costs were erroneous or false, as in any other case. See Union Supply Co. v. Morris, 220 Cal., 331, 30 P. (2d), 394.
There is no established principle in the law that one who contracts to do certain work for another must disprove his default as a part of his affirmative case for compensation. In fact the opposite must be the general rule. Honesty and good faith are always presumed (17 Ohio Jurisprudence, 112, Section 89); fraud is not presumed (17 Ohio Jurisprudence, 113, 143, Sections 91 and 114); negligence is not presumed (17 Ohio Jurisprudence, 158, Section 124); and performance of duty is presumed (17 Ohio Jurisprudence, 98, Section 77).
If and when the owners produce evidence of such character as to raise a presumption of negligence or default on the part of the builder, the latter will be required only to produce evidence sufficient to balance the state of proof. Tresise v. Ashdown, Admr., 118 Ohio St., 307, 160 N. E., 898.
Finally, the following observation of Judge Matthias in the opinion in the former hearing of the case in this court is pertinent here:
“The defendants contend that under the evidence the plaintiff’s recovery was limited to $35,000, and, therefore, the burden of proof was cast upon the plaintiff to show that its costs were reasonable, and they cite as supporting authority Knott v. Moore-Lamb Construction Co., 111 Ohio St., 94, 144 N. E., 697. It is urged that this court in that case announced the principle that under a cost plus fee contract the builder can only recover the proved reasonable cost of his labor and material. If that theory is applicable then into every cost plus contract will be read a rule of law that the builder is entitled to recover his cost plus his fee only if he proves that it is reasonable. The Knott case does not announce that principle.
*444 “In that case there was no written contract and there arose a disagreement between the parties as to the terms of the oral contract. Evidence of the estimated value of the building contracted for was held competent solely for the purpose of tending to show what the agreed price was. Likewise, evidence of the reasonable cost of labor and materials was held competent as tending to show what the actual cost was.”
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Taft, Zimmerman and Stewart, JJ., concur.
Matthias, J., not participating.