## CLICKENGER v PATTERSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2580. Decided April 11, 1936

R. L. Topham, Columbus, and D. T. Keating, Columbus, for plaintiff in error.

Phil S. Bradford, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

This is an error proceeding from the Court of Common Pleas. The parties oc-cupy the same relative position as in the lower court and reference will be made to them as they there appeared.

Plaintiff's action was one for loss of service of his wife, Nettie A. Clickenger, based upon certain alleged negligent actions in the operation of a motor truck owned by the defendant. In his petition plaintiff set forth six charges of negligence, to-wit: Failure to yield the right of way to the vehicle driven by plaintiff's wife; failure to have defendant's truck under control; unlawful operation of said truck on the left side of the road; excessive speed; failure to keep a proper lookout for traffic and to sound a horn; and in driving said truck at such a speed and in such a position as to injure plaintiff's wife.

Defendant's answer contained two defenses. The first defense denied generally the allegations of the petition except that the two roads, at the intersection of which the accident occurred, were public highways. In his second defense defendant alleged that if plaintiff suffered any damages, they were caused by and arose from the sole negligence of plaintiff's wife.

Plaintiff's reply to this answer was a general denial of the new matter therein contained.

The evidence discloses that Lockbourne Road is a public highway in Franklin County running in a northerly and southerly direction and that defendant's truck was being operated northerly on said road by defendant's employee and in the business of defendant; that Smith Road is a public highway in said county extending easterly and westwardly which intersects Lockbourne Road at right angles; that Nettie A. Clickenger was operating her automobile in a westerly direction on Smith Road; that a collision occurred between said automobile and defendant's truck at the intersection of these two roads; that Mrs. Clickenger was injured in said collision; that a stop sign had been erected by the surveyor's office of Franklin County at a point 92 feet east of said Lockbourne Road on Smith Road; that Mrs. Clickenger did not stop before entering the intersection; that she was traveling at from ten to fifteen miles per hour as she approached the same; that defendant's truck weighed approximately five tons, was loaded with six tons of gravel and was being operated at a speed of from twenty to twenty-five miles per hour; that the collision occurred at or near the center of the intersection of these two roads, the right front wheel and spring hanger of the truck being dam-

aged and the left front wheel and fender of the automobile being damaged.

Trial was had to a jury which returned a verdict in favor of the defendant. A motion for new trial was filed and overruled. This is the final order of the court which plaintiff now seeks to reverse.

While plaintiff sets forth eleven assignments of error in his petition he only argues a portion of those in his brief. It is claimed in argument that the court erred in (1) overruling the motion for new trial; (2) charging on contributory negligence which was not an issue in the case; (3) refusing to give to the jury five special requests of the plaintiff before argument; and (4) in its general charge.

We first direct our attention to the claimed error in the general charge of the court. In support of defendant's claim that his driver was entitled to the right of way at the intersection of Lockbourne Road and Smith Road defendant called as a witness the Clerk of the Board of County Commissioners of Franklin County. This witness, without objection of the plaintiff, read into the record a resolution of said Commissioners passed on September 17, 1930, as follows:

"On motion of Mr. Westlake, seconded by Mr. Vigor, the Surveyor of Franklin County, Ohio, be and he hereby is directed to place stop signs at all hazardous road crossings in the county. Also erect curve signs indicating thereon the direction of the curve."

Also without objection, the Clerk read the following resolution which was passed October 18, 1930:

"On motion of Mr. Westlake, seconded by Mr. Vigor, the Surveyor of Franklin County, Ohio, be, and he hereby is authorized to purchase 1000 stop, curve, turn and winding road signs together with 1000 four inch by four inch by eight feet square creosoted posts and furnish the necessary labor to erect the same on the county road sign system as approved by the Board of County Commissioners and in conformity with the order of the Board dated September 17th, 1930."

Defendant also introduced in evidence, without objection, a map bearing this inscription: "Franklin County, O. THRU ROADS. Showing location of STOP SIGNS. Approved October 1st, 1930." Then follow the signatures of the three County Commissioners and the Surveyor. According to the legend of the map Lockbourne Road is designated as a 'Thru Co. Rd.' and Smith Road is designated as a 'Road.' Under the provisions of §6310-31, GC, vehicles traveling on main thoroughfares shall have the right of way. This evidence was no doubt offered by the defendant to show a compliance of the County Commissioners with §6310-32, GC, which section reads as follows:

"Local authorities shall have the right to designate by ordinance or resolution additional main thoroughfares and to designate what vehicles shall have the right of way at intersections of main thoroughfares, provided, however, that legible and appropriate signs be erected not nearer than 100 feet from the intersection along all road and highways intersecting such main thoroughfares."

In its charge to the jury the trial court read §6310-28, GC, which defines right of way, §6310-30, GC, which defines a main thoroughfare to be a highway on which street cars or electric cars run as well as main market and inter-county highways, and §§6310-31 and 6310-32, GC, to which we have above referred. The court then said to the jury:

"There is evidence in this case that the County Commissioners had adopted a resolution and approved a map made under their direction by the County Surveyor setting out certain through or main thoroughfares in this county and had instructed by resolution the County Surveyor to put appropriate signs · on the roads intersecting such designated main or through main thoroughfares and that in accordance with that one of the Surveyor's employees did erect a sign on Smith Road, which road we are interested in in this case.

You will note that the statute provides that the sign be placed not nearer than one hundred feet from the intersection and that it be legible and appropriate. It is a question of fact for you to determine under the instructions of the court whether or not the sign testified to in this case was legible and was appropriate to give the warning that was intended to be given, if you find that it was placed within the authority of the County Commissioners granted to them by statute to by resolution designate main thoroughfares and to provide for the placing of signs on intersecting roads for the guidance of those approaching main thoroughfares. If you find that the sign was not appropriate to give the warning that was intended, then the

court gives you this section of the statute by which you will be guided: 'Excepting where otherwise hereinafter provided'—that is regarding main thoroughfares—'the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right.' That says that the driver of the vehicle coming to an intersection shall yield the right of way to a vehicle approaching on the right. That rule of law does not obtain where there is involved a main thoroughfare and intersecting thoroughfare if a proper and appropriate sign has been erected at the proper distance from the main thoroughfare on the intersecting thoroughfare. If the sign erected is not appropriate then the rule of law the court gave you regarding the right of way would apply."

It is our opinion that the resolution passed by the County Commissioners was not in conformity to the power vested in that Board by §6310-32, GC, supra. In order to have complied with the authority granted by that section the Board of Commissioners in its resolution should have designated certain roads as main thoroughfares. The resolution as passed only provided for the placing of 'stop signs at all hazardous county road crossings in the county.' Although stop signs were erected by the County Surveyor in obedience to that resolution, it does not follow that the erection of such signs at hazardous county road crossings was a designation of certain roads or highways as main thoroughfares. In our judgment there was no designation by the Commissioners of Lockbourne Road as a main thoroughfare under the authority granted to the Board by §6310-32, GC, supra. Therefore, the evidence concerning the passage of this resolution was incompetent and should have been refused by the court if objection had been entered by counsel for plaintiff. Since the resolution of the Board of Commissioners was not in conformity to the statutes of Ohio the trial court committed prejudicial error when it gave to the jury that portion of the general charge above quoted. The trial court should have held as a matter of law that plaintiff's wife, if approaching the intersection in question in a lawful manner, was entitled to the right of way as against defendant's truck by virtue of the provisions of §6310-28a, GC, which gave her that right of way by reason of being upon the right.

It is claimed that the trial court erred in refusing to give to the jury before argument the following request of plaintiff:

"No 1. If you find that Mrs. Clickenger was proceeding at a lawful rate of speed as she neared and entered Lockbourne Road at the intersection with Smith Road and that she entered said intersection first, then the driver of Patterson's truck was negligent in failing to yield the right of way to Mrs. Clickenger, and her husband Roland Clickenger, is entitled to recover and your verdict must be in his favor."

If this instruction had employed the words 'was proceeding in a lawful manner' instead of 'was proceeding at a lawful rate of speed,' we would hold that the same should have been given to the jury. However, we can conceive of cases wherein a motorist might be approaching an intersection at a lawful rate of speed and yet might not be operating his car in a lawful manner. The most common illustration, perhaps, would be if a motorist was operating his car on the wrong side of the road but at a rate of speed which was reasonable and proper. In our judgment the requested instruction did not fully state the law and was properly refused by the trial court.

The trial court also refused to give to the jury the following request:

"No. 2. Secs 6310-28 and 6310-28a, GC, are cognate sections pertaining to the right of way at highways intersection, and should be together construed. One section requires the operator of a vehicle to yield the right of way at highway intersections, to a vehicle approaching from the right, and the other defines, 'right of way' as the right 'to proceed uninterruptedly in a lawful manner in the direction in which it is moving' in preference to another vehicle approaching into its path from a different direction. Construed together, these sections confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner."

This proposed instruction is an exact copy of the first syllabus found in the case of Morris v Bloomgren, 127 Oh St, 147. It was applicable to the case at bar and should have been given by the court. Refusal to so charge constituted prejudicial error.

The trial court likewise refused to give the following instruction:

"No. 5. If you find that Patterson's truck driver was negligent in that he did not have his truck under control as it approached the intersection of Lockbourne and Smith Roads, so that he could slow it down or stop it, or divert its course, so as to avoid a collision, and that such failure was the sole proximate cause of the collision with the automobile driven by Mrs. Clickenger and of her injuries, her husband, Roland Clickenger, plaintiff in this case, is entitled to recover damages and your verdict must be in his favor."

The second allegation of negligence of plaintiff's petition was in the following language:

"Defendant was negligent in not having his heavily loaded truck under control as it approached said intersection so as to slow down or stop or divert the course of same so as to avoid said collision."

In the light of this allegation of the petition, plaintiff's requested instruction No. 5 was proper and should have been given by the court. This request was directly referable to the allegation of the petition and stated the law correctly. In refusing to give this instruction to the jury the trial court committed prejudicial error.

It is also claimed that the trial court erred in refusing to give to the jury plaintiff's request No. 7 which was as follows:

"A driver is not necessarily bound to stop at a stop sign or to wait until no cars are in sight within any reasonable distance but is obliged to use ordinary care in observing it under all the circumstances confronting him or her, and act as an ordinary prudent person would act in the same or similar circumstances."

This collision took place on June 2, 1933. At that time there was no statute of Ohio in effect directing that motorists should bring their vehicles to a stop in obedience to a warning placed upon a stop sign. A stop sign was construed by the courts as a warning only. Whether or not the operator of a motor vehicle heeded the warning evidenced by such a sign can be determined only by comparing his conduct with that of a reasonably prudent person under the same or similar circumstances. It is our opinion that plaintiff's request No. 7 was applicable to the issues involved, that it correctly stated the law, and that it should have been given to the jury. Its refusal constituted prejudicial error.

In its general charge, the trial court said as follows:

"As I say to you the answer does not charge contributory negligence on the part of the plaintiff's wife, Nettie Clickenger. However, the court will tell you what contributory negligence consists of so that if in your judgment it has come into this case from the testimony of the plaintiff or her witnesses you may know how to apply the law in that connection. Contributory negligence is negligence of the party by reason of whose injuries the plaintiff in the case seeks to recover damages, in this case that would be Nettie Clickenger, wife of the plaintiff. If the testimony of Mrs. Clickenger, or of the plaintiff himself or of the witnesses on behalf of the plaintiff tend to show that Mrs. Clickenger was guilty of contributory negligence, that is, negligence directly contributing to her own injury, the husband, the plaintiff in this case, can not recover unless the other testimony introduced on behalf of the plaintiff counterbalances that suggestion of contributory negligence on the part of Nettie Clickenger. If her testimony or that of her witnesses do not or did not suggest or raise an inference of negligence on her part then you will have nothing to do with the matter of contributory negligence. If it does you will observe the rule of law the court gave you, to-wit, it is then for the plaintiff to counterbalance that suggestion of negligence on the part of Nettie Clickenger by other testimony."

We are of opinion that no prejudicial error intervened by the use of this language in the general charge. While the issue of contributory negligence of Nettie Clickenger was not raised in the pleadings, an examination of the record of her testimony leads the court to believe that the charge was properly given. We direct attention particularly to that portion of her testimony wherein she states that the truck was from seventy to seventy-five feet south when she entered the intersection, that it was traveling approximately forty miles per hour, that she was traveling ten or fifteen miles per hour in second speed, and that she could have stopped within five or six feet. Being on the right, she had the right to assume that the driver of the truck would obey the law and would yield to her the right of way. Yet, if she discovered that the defendant's truck driver

was not yielding the right of way it became her duty to use ordinary care not to injure him and to avoid the collision. The Supreme Court so held in the case of Morris v Bloomgren, supra; as will appear in the fifth branch of the syllabus. Whether or not the testimony of Mrs. Clickenger raised an inference of negligence on her part was a question to be submitted to the jury. Since this case must be tried again we would suggest that the syllabus of Smith v Lopa, 123 Oh St 213, sets forth the correct rule concerning the charge to be given by the court under such a state of facts.

In view of the court's holding upon the other assignments of error which have been considered above it follows that the trial court erred to the prejudice of the plaintiff in overruling his motion for a new trial.

Because of errors prejudicial to plaintiff as indicated in this opinion the judgment of the lower court is reversed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.