ZimmermaN, J.
As to the two special charges given to the jury at the instance of defendant, the Court of Appeals found one of them proper and the other improper and prejudicial. The court also found a part of the general charge to have been prejudicial to plaintiff. Are such determinations justified?
Defendant’s first special charge is as follows:
“If you find from the evidence that on the date of the accident and prior thereto, certain signs appeared on the highway at the approaches to the bridge, said signs containing warning language one-lane bridge,’ that said signs are cautionary in their nature and do not require any specific course of conduct on the part of the motorist, but charge him with the exercise of *291 ordinary care in light of knowledge of the signs together with all other facts and circumstances appearing.”
Citing and approving the case of Quinn v. Tobin, 29 Ohio Law Abs., 650, decided by the Court of Appeals of the Second Appellate District in 1939, the Court of Appeals herein concluded that such charge is unobjectionable, and with this conclusion we agree. It includes the important element of requiring the exercise of ordinary care and is substantially accurate in its limited scope.
The second special charge reads:
“If you find from the evidence that cautionary signs containing warning language — ‘one-lane bridge’ — were posted on an approach to the bridge, and if you further find from the evidence that the car operated by the plaintiff, James E. Johnson, appeared upon the bridge before the car operated by the defendant, C. L. Hunter, that fact did not require the defendant, C. L. Hunter, to yield the right of way to the plaintiff.”
The Court of Appeals held this charge to be so inaccurate and misleading as to constitute reversible error, and we are of the same view. It is entirely lacking in any statement with respect to the degree of care to be exercised by defendant in the circumstances narrated, is inconsistent in this respect with the first special charge and tends to nullify it, and might well have led the jury to conclude that it was not incumbent on the defendant to yield the right of way even though in the exercise of ordinary care he should have done so.
What has been said above finds sanction in the following quotation from 60 Corpus Juris Secundum, 731, Motor Yehicles, Section 315:
“A duty devolves on the operators of motor vehicles approaching each other from opposite directions to exercise ordinary care in order to avoid being on a bridge or passage at the same time, where such bridge or passage is too narrow for both of them to pass safely. This duty ordinarily rests on both approaching motorists, since each usually has an equal right to travel on such a roadway. * * *
“G-enerally, as between two vehicles approaching each other from opposite directions, the vehicle entering a narrow bridge or passage first, or the one which has practically or *292 actually driven onto the bridge or passage first, has the right of way, and it usually is the duty of the driver of the other vehicle to slacken his speed or, if necessary, to stop until the first vehicle has crossed over it and has cleared the way.”
During the course of the general charge, the trial court told the jury:
“It is not necessary in the first intance that the plaintiff should show he was free from blame and not at fault unless the evidence of the plaintiff suggests that he was negligent and to blame for the injuries. If, however, negligence is suggested by the plaintiff on evidence, that is, if the plaintiff’s evidence raises a presumption or inference of negligence on the part of plaintiff, then the burden devolves upon the plaintiff, not only to refute this presumption or inference, but to remove or dispel such suggestion of negligence, but to establish the fact that there was no such negligence on the part of plaintiff or that it was not the proximate cause of the damages complained of.” (Emphasis supplied.)
The word, ‘ ‘ suggest, ’ ’ in the manner it is used and repeated in the quoted portion of the general charge was disapproved by this court in the ease of Smith v. Lopa, 123 Ohio St., 213, 174 N. E., 735, on the ground that, where plaintiff’s evidence raises but a mere suspicion or suggestion that he may have been negligent, it is wrong for the court to instruct the jury that he is required to go forward with evidence to dispel such suspicion or suggestion. It would seem obvious that the quoted portion of the general charge placed upon plaintiff a greater burden than the law requires and consequently it is to be presumed that it affected him in a prejudicial manner.
The defendant urges that the so-called two-issue rule should be invoked in his favor. “Such rule is that, where a general verdict is returned for one of the parties, and the mental processes of the jury have not been tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party. And where a single determinative issue has been presented free from error, error in presenting another issue will be disregarded.” Centrello, a Minor, v. Basky, 164 Ohio St., 41, 49, 128 N. E. (2d), 80, 86.
*293 Here the second special charge virtually absolved defendant from the duty to exercise ordinary care in entering the bridge, and that part of the general charge under examination placed an unwarranted burden on plaintiff by requiring him to produce evidence to refute any suggestion of contributory negligence on his part which the evidence may have raised. The jury was misinformed with respect to both negligence and contributory negligence, and hence the two-issue rule is without application.
A majority of this court can find no fault with the judgment of the Court of Appeals, and such judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Stbwaet, Matthias and Heebeet, JJ., concur.