[No. 6,672.—Department No. 2.]

## THE PEOPLE v. LANSING.

DISTRICT SCHOOL TAX—ASSESSMENT ROLL—EVIDENCE.—Though the assessment roll may be *prima facie* evidence of its contents, it is not conclusive in a proceeding directly based upon its correctness. *Held,* accordingly, in an action to recover a district school tax, that it was error to exclude evidence offered by defendant to show that the assessment roll was simply copied from the assessment roll of the county, and that no assessment was in fact made.

ID.—NOTICE—PUBLIC PLACES—DEFINITION.—Notices of election were posted at a store and two saloons, occupying three of the corners formed by two roads crossing each other, and within a circumference of eighty feet; and the Court found that the notices were posted in three of the most public places in the district. *Held,* that the finding was justified by the evidence.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Tenth District Court, County of Colusa. KEYSER, J.

The facts are stated in the opinion.

*W. F. Goad, H. M. Albery,* and *W. C. Belcher,* for Appellants.

The election was void for want of public notice. (Pol. Code, § 1831.) The store and saloons at the corners were, in effect, *but one* place. Three notices within eighty feet of each other do not answer the requirements of the statute.

It was error to exclude the evidence offered by defendant to show that no assessment had been made. (Cooley on Taxation, 354–6 ; Cooley on Const. Lim. 368-9.)

*Jackson Hatch,* District Attorney, for Respondent.

MYRICK, J.:

This is an action to recover a tax levied upon the property of defendant to aid in the construction of a school-house. The answer presented the issue that the assessor of the district did not, for the purposes of the tax, assess the persons or property in said district. On the trial the defendant offered to prove that the entire assessment was simply copied from the assessment roll of the county, with respect to the names, the description and

valuation of the property; that the assessor, as assessor of the district, did not assess any of the persons or property in the district described in the assessment roll, but simply caused a copy to be made by the County Assessor. The Court sustained plaintiff's objection to the testimony, and defendant excepted.

The defendant asked the assessor (witness) the following questions:

"Did you make any one of the assessments in this book [the assessment roll] set out, as the assessor of the district?"

"Did you assess any of the property that is described in this assessment roll, as assessor of the district?"

Plaintiff's objection was sustained, and defendant excepted.

These rulings of the Court were error. The assessment roll may have been *prima facie* evidence of its contents, but was not conclusive in a proceeding directly based upon its correctness.

Another point is made by the appellant. It appears that the notices of the election were all posted at a small collection of houses at the crossing of two roads, one being posted on a store and the others on two saloons—all at the meeting of two roads and within a circumference of eighty feet. The Court found that notices of the election "were duly and regularly posted in three of the most public places in said school district." There was evidence to sustain the finding that these were the most public places in the district, and we cannot disturb the judgment on that ground.

By reason, however, of the errors above referred to, the judgment and order denying a new trial are reversed, and the cause is remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.