## LOPA v. SMITH.

(Decided April 30, 1930.)

*Messrs. Anderson & Lamb,* for plaintiff in error.
*Mr. Robert H. Rice,* for defendant in error.

WASHBURN, J. The parties stand in the same relation in this court as they did in the court of common pleas.

Plaintiff, Michael Lopa, was engaged in work upon a public highway which was being improved pursuant to a contract made with the public authorities, and was struck by an automobile driven upon said highway by the defendant, Aloysius C. Smith, and plaintiff brought this action to recover damages for his injuries. The trial in the common pleas court resulted in a verdict and judgment for the defendant.

The principal errors complained of relate to the charge of the court.

At the request of the defendant, the court charged the jury before argument as follows:

"If you find that the plaintiff was guilty of negligence in the slightest degree directly contributing to his injuries, then he cannot recover and your verdict must be for the defendant."

It is claimed that a right to recover is not defeated by the slightest negligence of the plaintiff, but by his negligence which in the slightest degree directly contributed to his injuries.

It must be conceded that, if the charge had read, "If you find that the plaintiff was guilty of negligence which in the slightest degree directly contributed to his injuries," there could be no objection to that part of the charge. *Bartson* v. *Craig,* 121 Ohio St., 371, 169 N. E., 291.

We think the charge as given is fairly susceptible to such interpretation, and that it is likely it was so understood by the jury; but, in any event, in view of the holding in *Bartson* v. *Craig, supra,* the giving of said charge was not prejudicial error.

In the general charge the trial court charged the jury as follows:

"I say to you further that plaintiff cannot recover against the defendant compensation for any damages which he might have avoided by the use on his part of ordinary care and prudence under the circumstances; so if the plaintiff did not take reasonable care under the circumstances, or if he voluntarily exposed himself to hazards he ought not to have encountered under the circumstances known to him, and he thereby proximately caused the said injuries, then the plaintiff cannot recover.

"*However, it is not necessary in the first instance that plaintiff should show he was free from blame and not in fault unless his own evidence suggests*

*that he was negligent and to blame for his injuries.*
If contributory negligence is suggested by plaintiff's
own evidence, then the burden is upon him to re-
move and dispel the suggestion. If not so suggested
by the plaintiff's own evidence, then such negligence
as will defeat a recovery, to be available, must be
shown by the defendant.''

It is well settled in Ohio that contributory negli-
gence is an affirmative defense, and the burden of
showing the same is upon the party alleging such
defense; if the testimony in support of plaintiff's
cause of action raises a presumption of his own con-
tributory negligence, the burden rests upon him to
produce evidence sufficient to counterbalance the
evidence giving rise to the presumption.

By the part of the charge above quoted, the court
cast such burden upon the plaintiff, even though the
testimony in support of his cause of action did not
raise a presumption of his own contributory negli-
gence, but merely suggested his contributory negli-
gence.

A suggestion is more in the nature of a hint or in-
sinuation, and lacks the element of probability.
Facts which merely suggest do not raise an infer-
ence of the existence of the fact suggested, and
therefore a suggestion is much less than an infer-
ence or presumption.

The rights of litigants are determined upon evi-
dence tending to prove issues and not upon evi-
dence which merely raises a suggestion, and the de-
termination of the question of who has the burden
under certain circumstances ought not to be made
to depend upon anything so uncertain and shadowy

as a mere suggestion; and in our opinion it was error for the court to so charge in this case.

Moreover, as we construe this charge, the court instructed the jury that under certain circumstances the burden was on the plaintiff to "show he was free from blame and not in fault," thereby placing the burden upon plaintiff to prove that he was not guilty of contributory negligence.

Under no circumstances is the burden on the plaintiff to prove that he was free from blame by a preponderance of the evidence. *Tresise* v. *Ashdown,* 118 Ohio St., 307, 160 N. E., 898, 58 A. L. R., 1476.

"It is the duty of the trial court to instruct the jury as to the burden of proof, and it is well settled that an instruction which improperly places the burden of proof is reversible error." *Montanari* v. *Haworth,* 108 Ohio State, at page 14, 140 N. E., 319, 320.

Where there is an erroneous instruction as to burden of proof, prejudice will be presumed, and the rule that error without prejudice is not ground for reversal has no application. *Cleveland Ry. Co.* v. *Goldman,* 122 Ohio St., 73, 170 N. E., 641.

Moreover, in this case we find from an examination of the record that said error in the charge was prejudicial. We find no other prejudicial error.

For the error mentioned, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Funk, P. J., and Pardee, J., concur.