Kinkade, J.
 

 The defendant in error, Lopa, brought an action against the plaintiff in error, Smith, to recover damages for injuries sustained by Lopa when he was run down by Smith in his own automobile on the public highway. The highway in question was a north and south highway, and the west half of the paved highway was closed against traffic. The east half of the paved portion of the roadway was open for north-bound traffic.
 

 At the time of the accident a piece of construction work was going forward along the west side of the paved portion of this highway. This involved the laying of a water main underground along the westerly line of the pavement. The ditch in which to lay the water main was made by a trench digger machine working on that side of the pavement, and as the pipe was laid the ditch was filled in by a trench filler machine which was located, at least at the time of the accident, on the east side of the pavement. Smith had used the east side of this pavement in driving to his home in the evening daily for several days before the accident and was thoroughly familiar with all that was going on in connection with the laying of the water main mentioned. Lopa was an employee of the contractor who was laying the water main. Among other duties that Lopa had to perform was the getting of water with a pail from the ditch that was parallel to and on the east side of the pavement, and very near to the pavement. The pavement itself was about eighteen feet in width. It
 
 *215
 
 was necessary for Lopa to get the water from this ditch on the east side and carry it across the pavement to the west side, for use by the men who were laying the water pipe, in mixing their materials so as to properly lead the joints. It was while going across the pavement from the east to the west side with the pail of water that Lopa was struck by Smith’s automobile and very severely injured. He alleged negligence against Smith in the excessive speed of his automobile, failure to have the automobile under control, and failure to keep a proper lookout when traveling over that portion of the highway where Smith had reason to believe that men were engaged in work.
 

 The trial judge charged the jury as follows:
 

 “I say to you further that plaintiff cannot recover against the defendant compensation for any damages which he might have avoided by the use on his part of ordinary care and prudence under the circumstances ; so if the plaintiff did not take reasonable care under the circumstances, or if he voluntarily exposed himself to hazards he ought not to have encountered under the circumstances known to him, and he thereby proximately caused the said injuries, then the plaintiff cannot recover.
 

 “However, it is not necessary in the first instance that plaintiff should show he was free from blame and not in fault unless his own evidence suggests that he was negligent and to blame for his injuries. If contributory negligence is suggested by plaintiff’s own evidence, then the burden is on him to remove and dispel the suggestion. If not so suggested by plaintiff’s evidence, then such contributory negli
 
 *216
 
 gence as will defeat a recovery, to be available, must be shown by the defendant. ’ ’
 

 The jury returned a verdict in favor of Smith. Lopa prosecuted error to the Court of Appeals. The Court of Appeals held that the charge given by the trial judge was the equivalent of saying to the jury that the burden rested upon Lopa to establish that he was free from all negligence or blame in the matter, and that the word “suggestion” was a much weaker term by which to measure contributory negligence than the words “inference” or “presumption,” the terms usually employed, and on account of this charge by the trial judge the Court of Appeals reversed the judgment entered in favor of Smith, and finding its judgment in conflict with the judgment pronounced by another Court of Appeals, certified the case to this court for review and final determination.
 

 Counsel for Smith insist that the judgment of the trial court should not have been reversed for the reason that the terms employed in the charge have often been used without criticism in like cases pending in this court. It is true that in a few cases in this court the words “suggestion” and “suspicion” have been used where ordinarily the words “inference” and “presumption” would have been used. The words “suggestion” and “suspicion” were not used in those cases as preferable to the words “inference” and “presumption,” and we are of opinion that the few instances in which these terms have been employed are not of importance in disposing of the question. The terms that are most generally employed in describing the contributory negligence in cases of this character are “presumption” and “inference.” They are more appropriate terms to
 
 *217
 
 use than “suggestion” and' “suspicion.” Surely it will not do to say that, if something has given rise to a suspicion only that the plaintiff has been guilty of contributory negligence, then he must go forward and produce evidence sufficient to dispel the suspicion or the suggestion. There is a well-recognized and definite meaning that attends the terms “inference” and “presumption.” The law is well settled that, when the evidence produced by the plaintiff himself raises a reasonable inference or a reasonable presumption — and the terms are often used interchangeably — of contributory negligence on his part, he then must carry the burden of dispelling that inference or presumption by evidence that equals the inference or presumption. As held by this court in the case of
 
 Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St., 307, he is not required to go further and extinguish the presumption or inference of contributory negligence by a preponderance of the evidence.
 

 It is contended by the plaintiff in error that the verdict of the trial court in his behalf should not be disturbed for the further reason that at the close of the evidence he was entitled to a directed verdict in his behalf against Lopa, because Lopa had come out from behind the trench filler and stepped immediately in front of Smith’s automobile when the automobile was so near that it was impossible for Smith to stop the car before striking Lopa. "We think it is sufficient to say in this respect that the jury might have found that the situation, as shown by the evidence, was one which clearly called upon Smith to take cognizance of the fact that some of the workmen engaged at that point might be in the path of his automobile, and it was not a case for a directed verdict by the trial court.
 

 
 *218
 
 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.