KARLE, APPELLANT, *v.* THE CINCINNATI STREET RY. CO. ET AL., APPELLEES.

(No. 6105—Decided May 4, 1942.)

*Mr. Henry E. Beebe, Mr. Carl Phares* and *Mr. S. C. Roettinger,* for appellant.

*Mr. Leo J. Brumleve, Jr.,* for appellee, The Cincinnati Street Railway Company.

*Mr. John D. Ellis* and *Mr. J. B. Grause, Jr.,* for appellee, city of Cincinnati.

By THE COURT. The plaintiff sued to recover damages on account of personal injuries received while operating an automobile on and over Erie avenue, a public street in the city of Cincinnati. The evidence shows that the defendant, The Cincinnati Street Railway Company, by and with the express sanction of the public officials had for many years—almost half a century—maintained double tracks in Erie avenue in substantially the same condition that they were at the time of this accident. The right of way of the municipality was eighty feet wide, but no more than twenty-two feet of this right of way had ever been paved or prepared for vehicular travel at the point where this accident occurred. This strip was in the middle of the right of way and was paved with a black top substance in which there was no defect. The Cincinnati Street Railway Company's tracks were located on both sides of this paved strip. There was no pavement between the rails. The surface of the space between the rails and for about one and one-half feet beyond the outside rails was rough and the rails and cross-ties to a certain extent were exposed above this rough surface.

The plaintiff so operated an automobile along this avenue at night that the automobile left the paved portion, struck the outside streetcar rail, was deflected to the other side of the street where it struck a rail of the other track and overturned. It is claimed that this resulted from the condition of the street, and that the defendants are liable to the plaintiff because they constructed and maintained the street in that condition.

After a trial lasting six days, the jury returned a verdict for both defendants. The court overruled the plaintiff's motion for a new trial and entered judgment on the verdict. That is the judgment from which this appeal was taken.

From the recital of facts it can be seen that the simple primary issue that should have been submitted to the jury was whether the condition which defendants had jointly maintained for many years constituted a nuisance. As they had both participated in the original construction which had continued in the same condition, there could be no issue of notice and reasonable opportunity to repair to be submitted to the jury. 28 Ohio Jurisprudence, 992 *et seq.,* Section 620 *et seq.* The defendants had created this condition and if it constituted a nuisance they were jointly and severally liable for all damage directly resulting from it to persons lawfully using the street, unless recovery was prevented by some affirmative defense.

The Cincinnati Street Railway Company contends that it is protected from liability because what it did was in accordance with a franchise granted to it by the municipality, but if the municipality itself had no legal right to create and maintain a street in that condition, it certainly could not authorize another to do so. *Yackee, Admx.,* v. *Village of Napoleon,* 135 Ohio St., 344, at 355, 21 N. E. (2d), 111.

The principal complaint of the plaintiff is that the defendants' liability was not made to turn on this single issue of nuisance or no nuisance, but upon the issues of whether reasonable care had been exercised to make and maintain the street in a reasonably safe condition for travel in the ordinary mode and whether the plaintiff was in the exercise of ordinary care.

The defendants contend that the plaintiff presented the case to the court in his pleadings and otherwise as an action based on negligence, and that he, having invited the error, is in no position to complain after an adverse verdict. It is true that the plaintiff in his petition alleged that the defendants had "unlawfully and negligently maintained" the street "in the manner hereinbefore set forth," and such defendants on

June 18, 1939, and for a long time prior thereto had "in said manner unlawfully and negligently suffered and maintained the same as hereinbefore set forth." But it was also affirmatively alleged that the condition rendered the street "unsafe for travel in the ordinary and customary modes of travel and constituted a nuisance."

We find nothing in these allegations committing the pleader to the theory of an action based on negligence alone. It seems clear that the pleader relied upon injury from nuisance and that the allegations of negligence were made to describe the particular type of nuisance and to charge the defendants as its creators and maintainers. Furthermore, these allegations preceded the proof, and certainly the plaintiff had a right to rely upon the legal theory justified by the evidence admitted as relevant to the issues raised by the pleadings.

The other invitation to error charged against the plaintiff is special charge two which the court refused to give. That charge was irrelevant to the issues as we conceive them to be. It relates to the necessity for notice, actual or constructive, to the municipality and the duty of the municipality after such notice. It had no application to a condition of a street created and maintained by and with the express sanction of the municipality. "Reasonable time" to repair and "negligence" are proper terms to describe the measure of the duty to the public for conditions developing in a street which have not been authorized by the municipality, but their use shows no abandonment of the contention that the condition of the street constituted a nuisance.

It is also contended that the court should have sustained the motion for an instructed verdict, on the ground that there was no evidence of a nuisance, and also because plaintiff was negligent as a matter of

law, and that, therefore, the judgment is right no matter what error occurred at the trial. But a description of the construction of this street shows it to have been unusual. There was a vehicular lane twenty-two feet wide with a crown in the middle. Right next to each edge of this lane was a space about one and one-half feet wide that was lower than the lane and this was filled with crushed stone, which was rough, and out of this protruded ties cross-wise of the street, to which were fastened the streetcar rails parallel with the street and protruding about five inches above the surface of the street.

Now this condition in a rural highway and perhaps in an urban street might have been reasonably safe as a matter of law before the advent of the automobile as a usual and ordinary mode of travel. However that may be, we are quite sure that under present conditions it cannot be so declared.

We are also of the opinion that it cannot be said as a matter of law that the plaintiff's negligence, if any, contributed to his injuries.

Now it is not sufficient for the municipality to point to the improved part of the street and say that there is no defect in it. It cannot disregard conditions in close proximity even on private property that create an imminent danger to users of the street. 28 Ohio Jurisprudence, 1010, Section 627. Much less can it disregard conditions on its own right of way.

On the other hand, we are unable to adopt the plaintiff's contention that Section 3775, General Code, has the effect of making this construction unlawful, and, therefore, a nuisance as a matter of law. That section by its terms only applies to streets less than sixty feet in width. This right of way was eighty feet in width.

We are brought to the conclusion that the case presented issues of fact to be decided by the jury. It is

claimed that prejudicial error intervened in its submission. Many of these alleged errors resulted from the failure of the court to consistently treat the case as one relating to liability resulting from an alleged nuisance.

After instructing the jury that the issues raised by the pleadings were negligence, contributory negligence, proximate cause, and extent of damage, the court defined those terms generally and then charged the jury on the duty of the city of Cincinnati under Section 3714, General Code, as follows: "In substance it requires that the city keep its streets open, in repair and free from nuisance. The city cannot be liable in damages unless you find from the evidence that it was negligent in performing its duty which the law places upon it. * * * When a street is in a reasonably safe condition for travel in the ordinary mode it is free from nuisance. So that, on the contrary, the court charges you that if a street is not in a reasonably safe condition for travel in the ordinary mode it is not free from nuisance. * * * The city of Cincinnati under this obligation imposed upon it by the statute, is not an insurer of its public ways or sidewalks, or the lives and limbs of persons passing over them. It is the duty of the city to exercise ordinary care and prudence in taking care of the streets and sidewalks and by ordinary care is meant that degree of care which I have already defined to you."

The charge is lengthy and there are other parts devoted to defining the duty of the city of Cincinnati, but we believe enough has been quoted to show that the view of the trial judge was that, even assuming that a nuisance had been created by and with the sanction of the city, there would be no liability unless it also appeared that the city had been negligent—that the affirmative act of creating a nuisance was not sufficient to impose a liability—and that if reasonable care

was used in creating the nuisance there would be no liability. We do not understand that to be the law.

We are of the opinion that the charge was misleading and prejudicial.

The court also submitted to the jury the issue of whether the city had notice of the existence of this condition and instructed the jury that in the absence of actual or constructive notice there was no liability. While that issue was raised by the pleadings, there was no such issue under the evidence. Admittedly, whatever the condition was it had existed from the beginning and the beginning was under the sanction of the city. It was error to submit this issue to the jury. 39 Ohio Jurisprudence, 955 *et seq.,* Section 268 *et seq.*

As already noted the court submitted the issue of contributory negligence to the jury and one of the errors assigned is that portion of the general charge in which the court said:

"As to the claim by the defendants in this case of contributory negligence on the part of the plaintiff, you are instructed that the burden is upon the defendants to prove the issue of contributory negligence by that degree of proof which I have already described to you as the preponderance of the evidence. That is true unless you should find, unless you do find that the evidence offered by the plaintiff himself raises an inference of contributory negligence on his part in which event he would have the duty or burden of first removing such inference before the burden passes to the defendants in this case as to that issue."

Plaintiff asserts that this placed too great a burden upon him and cites in support of his position *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 160 N. E., 898, and *Smith* v. *Lopa,* 123 Ohio St., 213, 174 N. E., 735. Counsel for the defendants concede that plaintiff's position is correct, but urge that the error was not prejudicial under the circumstances of this case. We do not think

the charge in this case is open to the criticism before which the charges in the cited cases fell. In *Tresise* v. *Ashdown, Admr., supra,* the court charged that:

"The burden of establishing negligence or contributory negligence as a defense rests upon the defendant, unless the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence on his part, in which case the burden rests upon the plaintiff to remove such presumption by the preponderance of the evidence before he or she would be entitled to recover."

It will be observed that in this charge the burden is placed on the plaintiff of removing the presumption of contributory negligence "by the preponderance of the evidence." That was held to be error.

And in *Smith* v. *Lopa, supra,* the condemned charge was:

"I say to you further that plaintiff cannot recover against the defendant compensation for any damages which he might have avoided by the use on his part of ordinary care and prudence under the circumstances; so if the plaintiff did not take reasonable care under the circumstances, or if he voluntarily exposed himself to hazards he ought not to have encountered under the circumstances known to him, and he thereby proximately caused the said injuries, then the plaintiff cannot recover.

"However, it is not necessary in the first instance that plaintiff should show he was free from blame and not in fault unless his own evidence suggests that he was negligent and to blame for his injuries. If contributory negligence is suggested by plaintiff's own evidence, then the burden is on him to remove and dispel the suggestion. If not so suggested by plaintiff's evidence, then such contributory negligence as will defeat a recovery, to be available, must be shown by the defendant."

An examination of the opinion will disclose that the distinction between the meaning of the words "suggestion" and "suspicion" on the one hand and the words "presumption" and "inference" on the other was discussed at length and the use of the first two in this connection was condemned as placing too great a burden upon the plaintiff. In the syllabus the rule was stated that if the evidence offered by the plaintiff raised a reasonable inference or presumption of negligence on his part he "must as a part of his case in chief produce evidence sufficient to equal or dispel the inference or presumption. But in such case the plaintiff is not obliged to remove the inference or presumption by a preponderance of the evidence."

The question presented is whether, when the evidence of contributory negligence is equally balanced by evidence of due care on the part of the plaintiff, the inference or presumption of contributory negligence is "removed."

"Dispel," according to the dictionaries, means: "To drive away by scattering, to clear away, to banish, to dissipate." And when an inference or presumption of contributory negligence arises from the plaintiff's evidence, it is his duty to "dispel" such inference or presumption by counterbalancing with other evidence the evidence from which inference of contributory negligence arises. The question before us then is whether the charge requiring the plaintiff to "remove" the inference places a greater burden upon him. We have reached the conclusion that when the evidence of due care counterbalances the evidence from which the inference of negligence radiates, the inference is dispelled, destroyed and therefore removed.

It should be said here that the safer course to pursue in giving a charge on this subject is to use the language approved by the Supreme Court in the cases cited.

336

We find no error affecting the issue of contributory negligence.

As the issue of contributory negligence was correctly submitted and the verdict was a general one, this court cannot say that it was not based on a finding that the plaintiff's injuries were directly caused by his own negligence. There was abundant evidence to support such a finding. In that situation under the two-issue rule it is the duty of the court to affirm the judgment.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., HAMILTON and ROSS, JJ., concur.