JOHNSON, APPELLANT, *v.* HUNTER, APPELLEE.[*]

(No. 655—Decided June 6, 1956.)

*Messrs. Bannon, Howland & McCurdy,* for appellant.
*Messrs. Miller, Searl & Fitch,* for appellee.

COLLIER, J. This is an appeal on questions of law from a judgment rendered on a verdict in favor of the defendant. The action arose as a result of an automobile collision between a

[*]Judgment affirmed, 166 Ohio St., 289.

1936 Ford coupe driven by the plaintiff and a 1947 De Soto sedan driven by the defendant. On the morning of February 3, 1949, the parties approached a one-lane bridge across the Scioto River, near the village of Lucasville, from opposite directions. The plaintiff was driving in an easterly direction and the defendant was driving in a westerly direction. The bridge on which the collision occurred is about 450 feet long, consisting of three spans, each 150 feet long. The cars collided about 120 feet from the easterly end of the bridge. The bridge was properly marked with signs reading, "one-lane bridge."

The principal assignments of error are as follows:

1. The trial court erred in qualifying and modifying the special instructions given before argument to the jury.

2. The trial court erred in giving special instructions to the jury before argument.

3. The trial court erred in its general charge to the jury.

4. The verdict of the jury and the judgment are against the manifest weight of the evidence.

These assignments of error will be considered in the order stated.

The trial court, in giving two special charges before argument, as requested by defendant, prefaced the giving of such special charges as follows: "Ladies and gentlemen, prior to argument the defendant has made written request of the court to give the jury the following instructions in writing * * * I read defendant's requests." The plaintiff contends that the trial court should not have identified the party making the written request to give the special instructions, and that in doing so the special instructions given were qualified and modified in violation of Section 2315.01, Revised Code.

So far as we are able to determine, this exact question has never been decided in the courts of Ohio. The general rule is stated in 53 American Jurisprudence, 431, Trial, Section 538, as follows:

"An instruction when given is that of the court, and the better practice is to make no distinction between that portion which originates with the judge and that which originates with either counsel. But to characterize the instructions as having been requested by one party or the other, or the failure so to

characterize them, is not ordinarily reversible error, for the jury will appreciate that when adopted the instruction becomes that of the court without regard to authorship."

An examination of the cases in support of this text discloses universal criticism in indicating which party has requested the special charge, but very few courts have held it reversible error to name the author of the special charge requested. We disapprove of the method by which the special instructions in the instant case were given, but do not consider it reversible error. For additional authority see 43 Fifth Decennial Digest, Trial, Section 266.

At the close of the evidence and before argument the defendant requested the court in writing to give three special written instructions. The trial court gave two of the special charges as requested, the first of which reads as follows:

"If you find from the evidence that on the date of the accident and prior thereto, certain signs appeared on the highway at the approaches to the bridge, said signs containing warning language 'one-lane bridge,' that said signs are cautionary in their nature and do not require any specific course of conduct on the part of the motorist, but charge him with the exercise of ordinary care in light of knowledge of the signs together with all other facts and circumstances appearing."

Plaintiff claims that the term, "motorist," does not relate to either the plaintiff or the defendant, and for that reason the instruction as given is abstract and indefinite. Both parties to this action were driving motor vehicles and therefore would come under the term "motorist." It may have been better to have designated the parties as "plaintiff" or "defendant" instead of using the term, "motorist," but since each party was a motorist and approached the bridge at about the same time, the term would apply equally to both parties. We are unable to see how the plaintiff could have been prejudiced by the use of such term.

Under a similar factual situation in the case of *Quinn* v. *Tobin*, 29 Ohio Law Abs., 650, it was held:

"Signs on a highway at the approach to a bridge containing language 'one-lane bridge,' 'narrow bridge' or 'slow' are cautionary in their nature, do not require any specific course of

conduct on the part of a motorist, but charge him with the exercise of ordinary care in the light of knowledge of the signs together with all other facts and circumstances appearing.''

The special instruction above quoted is within the rule defining the duty of a motorist approaching a one-lane bridge as pronounced in the *Quinn case, supra,* with which we concur and approve. We find no error in the giving of that charge.

The second special instruction given by the trial court, as requested by the defendant, reads as follows:

''If you find from the evidence that cautionary signs containing warning language—'one-lane bridge'—were posted on an approach to the bridge, and if you further find from the evidence that the car operated by the plaintiff, James E. Johnson, appeared upon the bridge before the car operated by the defendant, C. L. Hunter, that fact did not require the defendant, C. L. Hunter, to yield the right of way to the plaintiff.''

Such special instruction as given is clearly erroneous for the reason it is not complete in defining the degree of care required of the defendant. In the first special instruction given, the defendant was not required to follow any specific course of conduct, but was required to exercise ordinary care under the circumstances. The first instruction states the rule correctly; the second instruction given is inconsistent with the first in that it does not go far enough and does not include the requirement to exercise ordinary care. Under all the circumstances, the jury may well have found that the defendant in the exercise of ordinary care should have yielded the right of way. That is a question for the jury to decide. The instruction as given is erroneous and highly prejudicial to the rights of the plaintiff.

For his third assignment of error the plaintiff claims the court erred in its general charge to the jury, in defining the burden of proof of contributory negligence. The court instructed the jury as follows:

''It is not necessary in the first instance that the plaintiff should show he was free from blame and not at fault unless the evidence of the plaintiff '*suggests*' that he was negligent and to blame for the injuries. If, however, negligence is '*suggested*' by the plaintiff on evidence, that is, if the plaintiff's evidence raises a presumption or inference of negligence on the part of

plaintiff, then the burden devolves upon the plaintiff, not only to refute this presumption or inference, but *to remove* or dispel such '*suggestion*' of negligence, but *to establish* the fact that there was no such negligence on the part of plaintiff or that it was not the proximate cause of the damages complained of. If negligence on the part of the plaintiff is not '*suggested*' by the evidence, then the evidence of the plaintiff or no presumption or inference thereof is raised thereby, then such negligence as will defeat a recovery on the part of the plaintiff must be shown by the defendant. In such case, the burden of proving the plaintiff was guilty of negligence to some degree which contributed to the proximate cause of the collision rests upon the defendant and he must make it appear by the preponderance of the evidence, which is meant the greater weight or value thereof. *If the evidence should be evenly balanced upon any of these issues or should preponderate in favor of the defendant, then the plaintiff would not have the preponderance of evidence and he has failed in his action.*'' (Emphasis added.)

In the case of *Smith* v. *Lopa,* 123 Ohio St., 213, 174 N. E., 735, the Supreme Court of Ohio disapproved almost the identical language employed by the trial court in the instant case. The trial court in *Smith* v. *Lopa, supra,* charged the jury as follows (page 215):

''I say to you further that plaintiff cannot recover against the defendant compensation for any damages which he might have avoided by the use on his part of ordinary care and prudence under the circumstances; so if the plaintiff did not take reasonable care under the circumstances, or if he voluntarily exposed himself to hazards he ought not to have encountered under the circumstances known to him, and he thereby proximately caused the said injuries, then the plaintiff cannot recover.

''However, it is not necessary in the first instance that plaintiff should show he was free from blame and not in fault unless his own evidence *suggests* that he was negligent and to blame for his injuries. If contributory negligence is *suggested* by plaintiff's own evidence, then the burden is on him to *remove* and dispel the *suggestion*. If not so *suggested* by plaintiff's evidence, then such contributory negligence as will defeat a recov-

ery, to be available, must be shown by the defendant.'' (Emphasis added.)

The Court of Appeals in that case reversed the judgment rendered in the trial court (*Lopa* v. *Smith,* 37 Ohio App., 346, 174 N. E., 258), and held that if contributory negligence is merely *suggested* by the evidence in support of plaintiff's cause of action no burden is cast upon him to dispel such suggestion. The Supreme Court in affirming the judgment of reversal by the Court of Appeals said, at page 217:

''Surely it will not do to say that, if something has given rise to a suspicion only that the plaintiff has been guilty of contributory negligence, then he must go forward and produce evidence sufficient to dispel the suspicion or the suggestion.''

See, also, *Sikora, Admr.,* v. *Bauer,* 8 Ohio Law Abs., 530; and *Thomas* v. *Heer,* 17 Ohio Law Abs., 201.

On those authorities the instruction as above quoted is erroneous also in the use of the following statements contained in the general charge on contributory negligence:

''Then the burden devolves upon the plaintiff not only to refute this presumption or inference, but to *remove* or dispel such suggestion of negligence, but to *establish* the fact that there was no such negligence on the part of the plaintiff.'' (Emphasis added.)

And:

''If the evidence should be evenly balanced upon any of these issues or should preponderate in favor of the defendant, then the plaintiff would not have the preponderance of the evidence and he has failed in his action.''

That language casts too great a burden upon the plaintiff. He is required only to dispel or counterbalance such inference or presumption and is not required to *remove* such inference; neither is he required to *establish* or to show by a preponderance of the evidence there was no such negligence on his part. See *Ziebro, Admx.,* v. *City of Cleveland,* 157 Ohio St., 489, 106 N. E. (2d), 161. It is held in the third paragraph of the syllabus in the case of *Cleveland Ry. Co.* v. *Goldman, a Minor,* 122 Ohio St., 73, 170 N. E., 641:

''Where the court imposes upon an aggrieved litigant a

greater burden of proof than the law requires, prejudice will be presumed."

For the remaining assignments of error the plaintiff claims the verdict and judgment thereon are against the manifest weight of the evidence and that the court erred in not granting plaintiff a new trial. After a careful examination of the entire record, we are of the opinion that the evidence presents issuable facts to be determined by the jury. The testimony of the parties and of the witnesses is conflicting and irreconcilable on both the question of negligence and the amount of damages sustained by the plaintiff. Under such circumstances this court can not say as a matter of law that the verdict and judgment are against the manifest weight of the evidence.

For error prejudicial to the plaintiff in giving the second special instruction before argument requested by the defendant and for error in the general charge to the jury, the judgment of the trial court must be, and hereby is, reversed, and the cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.