CITY OF CUYAHOGA FALLS, APPELLEE, *v.* CHURCH, APPELLANT.

[Cite as Cuyahoga Falls v. Church, 10 Ohio App. 2d 9.]

(No. 5815—Decided March 29, 1967.)

*Mr. Richard M. Baum,* law director, and *Mr. Norman W. Holt,* for appellee.

*Mr. Max W. Johnstone,* for appellant.

HUNSICKER, J. An appeal on questions of law is filed in this court from a judgment of guilty entered by the Cuyahoga Falls Municipal Court. The offense charged, in that court, was a claimed violation of Section 4507.35, Revised Code. That section provides for the display of a motor vehicle operator's license upon demand by a duly qualified police officer.

It is admitted, in this case, that the defendant did not display his operator's license to a police officer making a routine check of operators' licenses. It is claimed that the license was in the vehicle, and not on the defendant's person, but that, in any event, he did not have to display it on demand. There is no claim of a moving traffic violation; or of misconduct on the part of the officer, or the defendant, other than a refusal to display the license.

The claim is made that the matter is not being prosecuted by the proper party plaintiff—the state of Ohio. Except for the jurat, there are only two places where the words "state of Ohio" appear in any way as a caption; one is the jacket in which certain of the papers are found, and the other is the transcript of the criminal docket. This transcript is peculiar in several respects: first, it does not contain a copy of the affidavit, although the original is in the file; and, second, a journal entry,

binding the defendant over to the Court of Common Pleas of Summit County, bears a facsimile signature of the judge.

It is unfortunate that, when called to the attention of the trial judge, he refused to order a correction in the caption of the case to show it being prosecuted by the real party in interest. However, we do not construe such error prejudicial to the substantial rights of the defendant.

We must conclude from a reading of the bill of exceptions that a proper demand to display his operator's license was made upon the defendant, Charles Church, and, under the quoted section, he was then required to display it to the officer.

The section of the statutes here in issue is a proper enactment under the police power of the state. By this legislation, the state of Ohio has indicated its desire to permit only qualified operators the right to drive motor vehicles on the public highways. In order to check on such operators, and to assist in securing safer highway travel, such traffic checks, when properly manned, are a help, not a hindrance, to the motoring public.

As an indication of the extent to which a motorist must submit to the lawful demands of an officer to determine such motorist's right to exercise his license to operate a motor vehicle on the public highway, we cite the case of *Schmerber* v. *California*, 384 U. S. 757, 16 L. Ed. 2d 908, decided June 20, 1966, by the Supreme Court of the United States, wherein that court found that a defendant's constitutional rights had not been violated by a compulsory blood test, and the admission of the evidence thereof at trial for driving a motor vehicle while intoxicated. See, also: *New Jersey* v. *Kabayama*, 35 L. W. 2499, decided February 7, 1967; *Mincy* v. *District of Columbia*, 218 A. 2d 507; *Miami* v. *Aronovitz* (Fla.), 114 So. 2d 784; and *Commonwealth* v. *Mitchell* (Ky.), 355 S. W. 2d 686.

It is our conclusion, in this case, that the judgment must be affirmed.

*Judgment affirmed.*

Brenneman, P. J., and Doyle, J., concur.