THE STATE OF OHIO, APPELLEE, *v.* STANTON, APPELLANT.

[Cite as State v. Stanton, 12 Ohio App. 2d 99.]

(No. 373—Decided November 15, 1967.)

*Mr. James W. Foreman*, prosecuting attorney, and *Mr. Jack M. Kinney*, for appellee.

*Messrs. Savage, Zito & O'Malley*, for appellant.

HUNSICKER, J. In this appeal on questions of law, John M. Stanton, the appellant, says that the judgment of guilty, rendered against him on the verdict of a jury, was improper. Mr. Stanton was found guilty of the offense of driving a motor vehicle on a public highway in Medina County while under the influence of alcohol, contrary to and in violation of Section 4511.-19, Revised Code.

The errors claimed by Stanton are as follows:

"1. The court erred to the prejudice of the defendant by stating to the jury after certain special instructions had been read that they were at the defendant's request.

"2. The prosecutor's comments to the jury regarding the defendant's refusal to take an alcoholmeter test constituted error prejudicial to the defendant.

"3. The court erred to the prejudice of the defendant in not granting his motion for dismissal at the close of the state's case and by its comments while so ruling.

"4. The verdict is against the manifest weight of the evidence and is contrary to law.

"5. For errors of law apparent on the face of the record."

After reading the bill of exceptions, this court can come to but one conclusion, which is, that John M. Stanton was driving his motor vehicle on a public highway in Medina County while under the influence of alcohol, at the time and place set out in the affidavit charging him with such offense.

It now becomes necessary for this court to examine the other claims of error.

At the conclusion of the evidence, and after all parties had rested, the trial court read two requested instructions to the jury before oral argument. After reading them, the judge said to the jury: "Let the record show that these instructions were at the request of the defendant." Counsel for the defendant immediately objected, but the trial court overruled such objection.

It has always been the custom, in the trial of jury cases, never to indicate to the jury which party may have asked for special instructions. Instructions are read without comment merely as a part of the law of the case. No Ohio criminal cases have been referred to us bearing on this question. However, civil cases have discussed the problem. The giving of requested instructions in a criminal case, before oral argument, is not mandatory. *State* v. *Barron,* 170 Ohio St. 267.

In the absence of reported cases on this subject, we must determine whether the error complained about was prejudicial. The appellant is entitled to a trial free from prejudicial error, not free from all error. If, after a review, it is determined that Mr. Stanton had a fair and impartial trial, then he has been accorded his rights under the law.

There is never an occasion for a judge to tell the jury which party submitted special instructions. We believe such practice to be improper, but not necessarily prejudicial. The matter has been considered in civil cases. See: *Metropolitan Life Ins. Co.* v. *Howle,* 68 Ohio St. 614, at 622; *Johnson* v. *Hunter,* 103 Ohio App. 31; *Hudson* v. *Cleveland,* 76 Ohio Law Abs. 360; 53 American Jurisprudence 431, Trial, Section 538; 88 Corpus Juris Secundum 1129, Trial, Section 411 (c). In *Rosenberry* v. *Chumney,* 171 Ohio St. 48, and *Lima Used Car Exchange Co.* v. *Hemperly,* 120 Ohio St. 400, the Supreme Court of Ohio made it very plain that requested instructions, when given, become the law of the case and are not to be regarded as the law of any particular party.

In the case of *Picchetti* v. *Pittsburgh Plate Glass Co.,* 105 Ohio App. 514, the court, without the citation of any authority, says it is prejudicial error to make known to the jury the party who makes a request for an instruction. With that conclusion, we do not agree for we believe it depends on the circumstances in each case.

When we examine the record in this case, although we disapprove of what was done in regard to characterizing the requested instructions as coming from one of the parties, we must conclude that the error was not prejudicial to the substantial rights of Mr. Stanton.

Shortly after Mr. Stanton crashed his automobile into a telephone pole in front of a house near Sharon Center, the highway patrolman asked him, at that place, if he would submit to an alcoholmeter, or to an intoximeter, test. The officer testified that Mr. Stanton agreed, but later said that Mr. Stanton said he would not take such a test. In oral argument to the jury at the conclusion of the evidence, the prosecutor commented on such refusal.

Mr. Stanton did not testify as a witness in his own behalf, nor was any evidence produced to refute the statement of the highway patrol officer. It has recently been held that a taking of blood against objection from one charged with operating a motor vehicle while intoxicated, and submitting the results thereof at a trial, is not compelling one to give testimony against himself. *Schmerber* v. *California,* 384 U. S. 757, 16 L Ed. 2d 908, 86 S. Ct. 1826.

For an indication of the extent traffic officers may go in controlling traffic on our streets, see: *Cuyahoga Falls* v. *Church,* 10 Ohio App. 2d 9.

We believe the law in Ohio is such that one who is accused of driving while intoxicated, and who, upon request, refuses to submit to a test to determine whether such condition does exist, cannot complain when, in oral argument of the case to the jury, reference is made to such refusal to submit oneself to physical tests that may determine one's fitness to operate a motor vehicle upon a public highway. *People* v. *Sudduth,* 55 Cal. Rep. 393.

See: *State* v. *Nutt,* 78 Ohio App. 336; *State* v. *Gatton,* 60 Ohio App. 192; and *Dayton* v. *Allen* (Common Pleas Court), 94 Ohio Law Abs. 129.

This court, in the case of *State* v. *Gatton,* 60 Ohio App. 192, speaking through Judge Stevens, said:

"The privilege against self-incrimination as guaranteed by the Ohio Constitution * * * applies only to disclosure by utterance, oral or written."

This rule, since the case of *Schmerber* v. *California,* 384 U. S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, is now the rule under the United States Constitution.

The prosecutor was not guilty of misconduct in commenting on the testimony of the officer who told of the refusal of Mr. Stanton to take the test. The court did not err in refusing to prevent such oral argument by the prosecutor.

Counsel for Mr. Stanton insist that the trial court committed prejudicial error when, at the conclusion of the case in chief, a motion was made to direct a verdict in behalf of the defendant. The trial court, at that time, said:

"All right. The court will overrule the motion on the ground that there are sufficient facts before the jury now that the court will not be warranted in taking the matter away from it."

These remarks were in the presence of the jury. Why the judge did not excuse the jury, or retire to his chambers with counsel to state his position in the record, we can never know. Counsel for Mr. Stanton immediately objected to the statement. The objection was overruled by the trial court, with the following statement:

"I'll warn them of this [the impression that it is a prima facie case] * * *."

In the course of the general instructions to the jury, the trial judge said:

"You are cautioned that nothing said by the court during trial of the case was intended to convey to you any opinion of the court as to the innocence or guilt of the defendant."

4 Ohio Jurisprudence 2d 177, Appellate Review, Section 938, says:

"It is, as a general rule, regarded as prejudicial error for the trial judge, in the presence of the jury, to show by comment or otherwise any bias in favor of one of the parties; or, unless the state of the case is such as to authorize the court to take it from the jury or to direct the verdict, to indicate to the jury by comment or otherwise his opinion as to which party should win, or as to the credibility of witnesses, or as to the truth in regard to disputed facts; or to do or say anything which has a tendency to prejudice their minds against the unsuccessful party or in favor of the prevailing party. And it has been held that such

error cannot be cured by subsequently directing the jury to disregard the remarks."

The authorities cited support the view there expressed. Those same authorities there cited sustain the view expressed in *Smith* v. *Rogers,* 16 Ohio App. 110, at 114-115, where the court said:

"The rule is well settled that errors or irregularities, which do not within themselves establish and clearly show prejudice to the substantial rights of the losing party, are not grounds for setting aside the verdict of the jury. Even substantial errors will not warrant such action on the part of the reviewing court when no injustice has been done the party complaining. Any improper remark made by the trial judge in the presence of the jury, which has a tendency to prejudice their minds in favor of the prevailing party, and against the unsuccessful party, is erroneous, yet such will not warrant a reviewing court to set aside a verdict and judgment in a case unless it clearly appears that such remark or statement of the judge was materially prejudicial to the losing party, and made with reference to something that was decisive of the case."

While, in the instant case, it may have been better practice for both the motion, and comment, to be made in the absence of the jury, yet, when the motion was made in the presence of the jury, they certainly would know the attitude of the court toward the evidence when the case thereafter was directed to proceed. The remark of the trial judge, in this instance, was not prejudicial.

We have examined all the assignments of error and find none prejudicial to the substantial rights of the appellant, John M. Stanton.

The judgment must, therefore, be affirmed.

*Judgment affirmed.*

BRENNEMAN, P.J., and DOYLE, J., concur.